NEW-YORK,
Nov. 1810.

COLLINS
v.
TORRY.

—————————

COLLINS, Widow, &c. *against* TORRY.

The estate of the mortgagor is the real estate at law, and the widow of the mortgagor may recover her *dower* out of the land mortgaged; and the tenant deriving title, by mesne conveyance, from the husband of the demandant, cannot deny the seisin of the husband; nor can he set up the mortgage as a subsisting title; there having been no foreclosure or entry by the mortgagee. A purchase of the mortgage from the mortgagee is, in effect, a discharge of the mortgage, in favour of the title under the mortgagor.

THIS was an action of dower, *unde nihil habet.* Plea, *non seisin.* At the trial, the marriage of the demandant with her late husband, and his death in *October*, 1805, were admitted. It was proved, that the demandant's husband, during the coverture, was seised, under *Thomas Merrick*, of 200 acres of land, and occupied the same as his own, in 1775, 1776, and 1777; and that the defendant now owns and possesses 40 acres, part of the same land. The plaintiff also produced a deed from *Thomas Merrick* to her late husband, dated *May* 9th, 1775, for the 200 acres of land in fee. Her husband afterwards conveyed the same to *Paul Parsons*,

who conveyed the same to *Stephen Winston*, who conveyed the premises to the defendant, with warranty.

The defendant produced a mortgage of the premises, executed by *Merrick*, the 18th *June*, 1772, to *Gilbert Fonda*, for securing the payment of 161*l.* 4*s.* on the 18th *June*, 1777, with interest, which mortgage was duly assigned by the executors of *Fonda*, on the 14th *May*, 1801, for the consideration of 200*l.* to *Ann Winston*, who is the widow and administratrix of *Stephen Winston*. There was an endorsement on the bond of interest paid the 9th *March*, 1784.

A verdict was taken for the plaintiff, subject to the opinion of the court; and the point raised was, whether the mortgage from *Merrick* to *Fonda* operated to destroy the claim of dower in the premises.

This cause was argued, at the last *August* term, prior to the decision in the case of *Hitchcock* v. *Harrington*, (6 *Johns. Rep.* 290.)

*Huntington*, for the demandant. The only question is, whether there was such a seisin of the demandant's husband as will entitle her to dower. In *Bancroft* v. *White*,* it was held to be sufficient to entitle the demandant to dower, to show that her husband was in possession of the land, and used it as his own; and that the tenant claiming by a derivative title from the husband of the demandant, was estopped to deny the seisin of the husband.

Again, there was not sufficient proof of the existence of the mortgage, and there was no proof of the execution of the bond. A bond after 20 years will be presumed to have been paid, unless there is some endorsement or proof of payment of interest within that time;† and Lord *Mansfield*, in the case of *The Mayor of Hull* v. *Horner*,‡ held, that a jury might presume a bond to have been discharged, where no interest appeared to have been paid for 16 years. In the present case, there was no endorsement within 20 years. The bond is the principal, and the mortgage the accessory.

<div style="margin-left:auto;">

NEW-YORK, Nov. 1810.

COLLINS v. TORRY.

* 1 *Caines*, 186. 2 *Bac. Abr.* 371; *Dower*, (C.)

† 1 *Black. Rep.* 532.
‡ *Cowp.* 109. 1 *Term Rep.* 270; 1 *Burr.* 434.

</div>

NEW-YORK, Nov. 1810.

COLLINS
v.
TORRY.

If the bond is satisfied, the mortgage is extinguished. To render it available, it ought to have been shown that possession accompanied the mortgage.

The tenant cannot avail himself of the assignment of the mortgage. *Ann Winston* would not be permitted to set up this assignment; neither can the defendant.* The executors of *Fonda* had no power to make the assignment, which must be considered as void. Where an outstanding title is set up, it must be shown to be an existing and operative title.†

But admitting the mortgage to be in force, the demandant, as wife of the mortgagor, is entitled to her dower. A mortgage in fee is considered as a mere pledge or security, and as personal estate. The mortgagor is regarded as the real owner, and the estate passes to his heir.‡ Lord *Mansfield* said it was an affront to common sense to say, that the mortgagor was not the real owner of the land.§ This doctrine is most fully recognised by the *Chief Justice* in the case of *Waters* v. *Stewart*,¶ in the court of errors. The husband of the demandant must, therefore, be considered as seised, so as to entitle his wife to dower.

*Henry*, contra. The question is, whether the husband of the demandant was seised of the land; not whether the tenant has a good title. If we can show a good and subsisting title out of the husband, it is sufficient. The defendant is not estopped from proving the existence of the mortgage. We do not deny the right altogether; but merely allege that it was qualified. After the expiration of a lease, the lessee is not estopped to say that the lessor had no title.**

The doctrine of estoppels is not to be favoured. Where there is an estoppel against an estoppel, the matter is at large.†† The demandant claims under a title derived from the mortgagor; she is therefore estopped to gainsay the mortgage.‡‡

* 4 *Johns. Rep.* 212.

† 3 *Johns. Rep.* 386. 4 *Johns. Rep.* 211.

‡ *Cruise's Dig.* tit. 15. c. 1. s. 13.

§ *Doug.* 632.

¶ 1 *Caines' Cas. in Error,* 66, 67. See, also, 4 *Johns. Rep.* 41.

** 4 *Term Rep.* 682. 1 *Term Rep.* 701.

†† 1 *Roll.* 874. 1. 50. *Comyns' Dig. Estop.* (E. 9.)

‡‡ See *Comyns' Estop.* (D.) (C.) (E. 7.) 1 *Roll. Abr.* 868. 1. 47. *Co. Litt.* 352. b.

A payment of interest was endorsed on the bond in *March*, 1784. The time is to be computed from the day the bond was made payable, which was in *June*, 1777. When the assignment was made, in 1791, 17 years had not elapsed, and it was treated as an existing and valid bond and mortgage. The administratrix, *Winston*, purchased a subsisting title; but she was not bound to exert it against the tenant to whom the intestate had conveyed with warranty. Why should she purchase the mortgage, if it had been satisfied?

After forfeiture, the estate of the mortgagee becomes absolute at law. The fee is in him. He may maintain ejectment and recover the possession. He must, therefore, have the fee or a term. He has a legal and subsisting title, until the debt is paid. Why may he not maintain a writ of right on such legal seisin? The fee must be either in the mortgagor or mortgagee; it cannot be in both. If, as I contend, the estate is in the mortgagee, after forfeiture, the wife of a mortgagor cannot claim dower on the seisin of her husband. A court of equity which is disposed to favour widows, will not give dower of an equity of redemption.*

* *Bro. C. C.* 326.

*H. Bleecker*, in reply, observed, that the case of *Bancroft* v. *White* was in point, and decisive. It has been decided in *England*, it is true, that a widow could not be endowed of an equity of redemption; but the case of *Dixon* v. *Saville†* was in 1783. It was decided, however, by Sir *Joseph Jekyl*, in 1732, in the case of *Banks* v. *Sutton*, that the widow of a mortgagor in fee, having the equity of redemption, should be allowed her dower. He considered the wife's right to dower not only a legal but a moral right, and the real estate of her husband as a plank to lay hold of, to prevent her sinking under her distress. All the other cases in which the widow was denied her dower, were those of *trust* estates. A husband may be tenant by the *curtesy* to the estate of a mortgagor; but a tenant in dower, for

† 2 *P. Wms.* 72.

the reasons given by Sir *Joseph Jekyl*, is entitled to greater favour.

Our courts have decided that the mortgagor is the legal owner of the estate. It would be strange to say that the mortgagor should be considered as seised to every other purpose but that of entitling his wife to her dower.

*Per Curiam.* This case comes within one of the principles declared in the case of *Hitchcock and wife* v. *Harrington.* (6 *Johns. Rep.* 290.) The tenant derives his title from, and holds under, the title of the husband of the demandant, as it existed during the coverture, and he, therefore, is not permitted to deny the seisin of the husband. He shows no title under the mortgage; and he cannot, therefore, set it up to defeat the widow's dower. A mortgage before foreclosure or entry is not now regarded as a legal title which a stranger can set up. It can only be used by the mortgagee and his representatives. This does, in effect, enable the wife to be endowed of an equity of redemption; and, under the above limitations, it is just and consistent with principle that she should be endowed of it. Why should the mortgagor's interest (when the claim under the mortgage is not interposed) be deemed the legal estate, and yet the widow be excluded from her dower? Lord *Mansfield*, in *Burgess* v. *Wheate*, (1 *Black. Rep.* 160.) said that it was not on law and reason, but on practice, that the wife was denied dower in such a case, and that a wrong determination had too long misled to be altered and set right. It was not, however, until the case of *Dixon* v. *Saville*, in 1783, (1 *Bro.* 326.) that this point appears to have been put beyond controversy in *England.* We have, in this state, gone greater lengths than the precedents in the *English* books towards a recognition of the mortgagor's estate at law. It is here the subject of sale on execution, as real estate; and on the other hand, the interest of the mortgagee, before entry or foreclosure, is not the subject of such sale. We can

not now, with any justice or consistency, say that the interest of the mortgagor is the real estate at law, and yet that it is not such estate, when the mortgagor's widow comes to ask her dower of the heir or grantee of her husband. The plain and necessary rule is, to allow her the dower, which she must take, as the heir or purchaser takes the estate, subject to the mortgage.

But in this case, there is another reason why the mortgage cannot be set up to destroy the alleged seisin of the husband. The mortgage is not a *subsisting* title, for the mortgagee never entered, and there has been no foreclosure, nor has interest been paid within 20 years. (3 *Johns. Rep.* 386.) The purchase of the mortgage by the administrator of *Winston* from the executors of the mortgagee, was, in effect, a discharge of the mortgage, in favour of the title under the mortgagor. The mortgage is, therefore, to be considered as satisfied and extinguished, and the title of the tenant relates back, and is founded on the seisin of the husband. In no point of view can the mortgage now affect the demandant's claim.

Judgment ought, therefore, to be rendered for the demandant.