### JACKSON, ex dem. Gould, *vs.* GOULD.

The *alteration* by a party of a *deed*, conveying an estate in lands to him, does not divest the estate; *so held* in this case, where the word *junior* in the name of the grantee, *D. Gould, junior*, appeared to have been repeatedly altered.

In the proof of a deed by a subscribing witness, he must state that he *knows the grantor*, or the proof is insufficient.

THIS was an action of ejectment, tried at the Ontario circuit in January, 1830, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff produced the *record of a deed* of the premises in question, from G. Wilmarth to the lessor of the plaintiff, *David Gould, junior*, bearing date the 1st December, 1802, recorded the 27th October, 1828, upon the certificate of the proof of the deed by *John Boughton*, one of the subscribing witnesses. The commissioner certified that the witness had testified before him that he saw G. Wilmarth, the person described as the grantor of the deed, execute the same, but he did not certify that the witness had testified that *he knew Wilmarth* to be the person described, &c. The counsel for the defendant for this cause objected to the *record* being read in evidence, but the objection was overruled. *Nathaniel Boughton*, another subscribing witness to the deed, then proved its execution, and that the possession of the defendant was obtained from his father, who entered under the title of the plaintiff. The defendant made a call upon the lessor of the plaintiff to produce the original deed from Wilmarth, which not being complied with, the defendant proved that in September, 1828, the lessor went to a commissioner to have his deed proved by *Nathaniel Boughton;* that it was then discovered that the word *junior* in the grantee's name was written on an *erasure*, and that the witness, *Nathaniel Boughton*, refused for that cause to prove the deed. The plaintiff now produced his deed, and it was manifest that the word *junior* had been written recently, in comparison with the residue of the deed ; he then called *Nathaniel Boughton*, the subscribing witness, who testified that when the deed was executed, the word *junior* was in it ; that it was intended as a deed to *David Gould, junior*, but that the hand-writing of the word *junior*, as it appeared at the trial, was different from what it was at the time of the execution of the deed, and different also from what it was when he saw it in September, 1828. The defendant also proved a conveyance of the premises in question from David Gould, junior, to J. Lapham, bearing date the 1st January, 1820 ; but the plaintiff proved that such conveyance was intended as a mortgage, and that the mortgage monies had been fully paid. The defendant also gave in evidence two affidavits made by the lessor of the plaintiff to relieve himself from imprisonment

UTICA,
July, 1831.

Jackson
v.
Gould.

UTICA,
July, 1831.

Jackson
v.
Gould.

on justices' executions, in which he averred that he was not a *freeholder :* one made the 15th February, 1820, and the other the 3d July, 1824. The judge charged the jury that the legal presumption was that the alteration of the deed had been made fraudulently, and that by the alteration, although not done fraudulently, the lessor of the plaintiff had lost his title. The jury found specially that the plaintiff had no right to recover, in consequence of the erasure in the deed; but that the erasure was not made for any fraudulent purpose, and the verdict was entered accordingly. The plaintiff moved for a new trial.

*G. F. Talman,* for plaintiff.

*J. A. Spencer,* for defendant.

*By the Court,* SAVAGE, Ch. J. The judge erred in deciding that in the proof of a deed by a subscribing witness, the witness need not state that he knows the grantor. This point was decided, 2 Wendell, 555; but as the deed was afterwards proved by a subscribing witness, the error does not become material.

He also erred in his charge as to the effect of an alteration of a deed upon the estate conveyed. It was clearly proved that the deed in this case was executed to the lessor by the name of David Gould, jun. The word *junior* was subsequently erased, and the same word written upon the erasure, but by whom, or when, does not appear farther than this, that in 1828, when presented to a commissioner to be proved, the word *junior* appeared to be written on an erasure, and since then the same word appears to have undergone another alteration. The effect of an alteration in a deed was considered in *Lewis* v. *Payn,* 8 Cowen, 71, and it was there held that the estate granted by a deed is not divested, even by a fraudulent alteration, provided the estate may exist without the deed. Such was this case: the *destruction* of the deed would not have divested the estate; neither did the *erasure* of part of the lessor's name. The deed was good when executed, and conveyed to the grantee the title; and there it remains, for aught appearing in evidence in this case. The alteration did not di-

vest it—the mortgage did not—nor do the affidavits, even though the lessor may have sworn falsely ; they do not amount to a disclaimer. Neither was there any evidence of a trust of any kind; a resulting trust may be proved by parol, but no proof was offered raising such a trust.

A new trial must be granted, costs to abide the event.