Woods v. Hilderbrand.

R. K. Woods, Plaintiff in Error, *v.* J. B. Hilderbrand, Defendant in Error.

1. *Conveyances — Alterations in by grantor do not invalidate title.*—An alteration in a conveyance after delivery does not operate to reconvey the title to the original grantor. The title passes by the deed, and its continued existence or integrity is not essential thereto, although a fraudulent and material change may disable the holder from bringing an action upon its covenant.

2. *Mortgages and deeds of trust — Mortgagor continues owner till when.*—The modern doctrine is well established that a mortgage is but the security for the payment of the debt or the discharge of the engagement for which it was originally given; and until the mortgagee enters for breach of the conditions, and in many respects until the final foreclosure of the mortgage, the mortgagor continues the owner of the estate, and has a right to lease, sell, and in every respect to deal with the mortgaged premises as the owner, so long as he is permitted to remain in possession.

3. *Ejectment — Mortgage — Outstanding title.*— A defendant in ejectment can not set up a mortgage with which he is not connected as an outstanding title to the land in controversy, so as to defeat a recovery.

### *Error to First District Court.*

*Ewing & Smith*, with *Burke & Howard*, for plaintiff in error.

I. A mortgage until foreclosed, or an entry thereunder for a breach of its conditions, is not such an outstanding title as will bar the right of the recovery of possession in ejectment by the mortgagor against the world. (8 Wend. 616; Kennett v. Plummer, 28 Mo. 142; 4 Kent, 157; 6 Hill, 469; 11 Wend. 535; Chinnery v. Blackman, 3 Doug. 391; 1 Hill. on Mortg. 162, § 15 *et seq.*; Brown v. Snell, 6 Fla. 741; Prescott & Ellingwood, 10 Shepl. 345.)

II. The erasure can not affect the legal title or re-invest the same in any one, or prevent the said sheriff's deed from being read in evidence. (34 Mo. 496; 3 Stark, 60; 8 Cow. 71; 7 Wend. 364; 22 Wend. 393.)

*Lay & Belch*, with *Owens & Wood*, for defendant in error.

I. Any material alteration in a deed, made by the party claiming under it, or with his consent, vitiates the whole deed.

(Blank v. Miller, 18 Barb. 269 ; 4 Kent's Com. 501, note 1 ; 9 Wheat. 580 ; 22 How. 89 ; 2 Black, 94.) Whilst it is true that cancellation or alteration of a deed executed and delivered does not have the effect to re-invest the title in the grantee, yet the deed itself is void, and the party who altered it can not recover by it. (Williams on Real Est. 400 ; McCormick v. Fitzsimmons, 39 Mo. 24–34.)

II. The mortgage of Hinkle is such an outstanding title as will defeat the plaintiff's recovery. (Sec 12 Mo. 613.) The mortgagee is the legal owner, or the legal title is in him, and he may maintain ejectment against the mortgagor. (38 Mo. 120 ; 10 Mo. 229.) In an action of ejectment under the general issue, the defendant may avail himself of the defense that the plaintiff has not the present right of possession. (38 Mo. 352.) In the case of McCormick v. Fitzsimmons *et al.*, 39 Mo. 34, Judge Wagner, in his opinion, recognizes the doctrine that the title of a mortgagee is such an outstanding title as will defeat a recovery in ejectment.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings ejectment, and relies upon a sheriff's deed. He purchased at the sale sundry parcels of land, including the one in controversy, and, after receiving the deed, altered, as is claimed by defendant, the description of one of these parcels, but not the one he seeks to recover in this action. This change in the deed the court held to be fatal, and decided that the whole deed was thereby vitiated, and refused to consider it in passing upon the plaintiff's title.

The defendant also was permitted to prove that the plaintiff, after receiving the deed, mortgaged the property to one Hinkle, and that the debt secured by the mortgage was overdue ; but Hinkle had not foreclosed or sought to take possession under the mortgage, and defendant does not claim under him. The court, however, held it to be an outstanding title of which the defendant could avail himself in this action.

In both these positions the court committed manifest error. It is a mistake to suppose that an alteration in a deed of convey-

ance, after delivery, operates to reconvey the title to the original
grantor. A total destruction of the instrument will not have that
effect, but the title remains in the grantee, and he may bring
ejectment upon it. The title passed by the deed; it has per-
formed its office, and its continued existence or integrity is not
essential to the title, although a fraudulent and material change
may disable the holder from bringing an action upon its coven-
ants. (1 Greenl., § 568 ; Lewis v. Payne, 8 Cow. 71 ; Jackson
v. Gould, 7 Wend. 364; Herrick v. Malin, 22 Wend. 388 ;
Alexander v. Hickox, 34 Mo. 496.)

Whether a deed thus altered may be used in evidence of the real
grant is, perhaps, not well settled. In Withers v. Atkinson, 1
Watts, 236, and in Chesley v. Frost, 1 N. H. 145, it is held that
a fraudulent alteration of a conveyance by the grantee, in a
material matter, utterly destroys it; and while the title thereby
does not re-invest, the deed can not be used by him for any pur-
pose, either to sustain an action upon the covenants or as evi-
dence of his title. But in Doe v. Hirst, 3 Stark, 60, and in
Jackson v. Gould, 7 Wend. 364, an altered deed was allowed to
be read in evidence to sustain the title created by it. We are not,
however, called upon to give an opinion adverse to the doctrine
of Withers v. Atkinson, *supra ;* for in the case at bar the altera-
tion, so far as the land in controversy is concerned, can not be
considered a material one. The plaintiff purchased at sheriff's
sale several distinct parcels of land. They were all sold sepa-
rately, and separate deeds might have been executed. The descrip-
tion of one of the parcels—from what motive does not appear—
was changed by the grantee. Without considering what might be
the effect of this change as to that parcel, we can not see how it
should affect the conveyance as to the others. As to them the
alteration was immaterial, and the deed remains in full force, and
should have been received as evidence of the plaintiff's title.

The ruling of the court upon the second point contradicts the
long and well-settled doctrine as to the relation of the mortgagor
and mortgagee before entry or foreclosure. "The modern
doctrine is well established, that a mortgage is but a security for
the payment of the debt or the discharge of the engagement for

which it was originally given; and until the mortgagee enters for breach of the conditions, and in many respects until final foreclosure of the mortgage, the mortgagor continues the owner of the estate, and has a right to lease, sell, and in every respect to deal with the mortgaged premises as the owner, so long as he is permitted to remain in possession." (Kennett v. Plummer, 28 Mo. 145.) The case of Meyer v. Campbell, 12 Mo. 603, is relied upon as establishing the doctrine sustained by the court below, and such a position seems to be indicated by the court, though the question is not directly decided. The mortgagee himself, in possession after forfeiture, might doubtless set up his own title against that of the mortgagor (McCormick v. Fitzsimmons, 39 Mo. 34), but, as against all the world besides, the mortgagor is the owner, and his title can not be defeated by showing that the property is pledged to a third person for the payment of a debt. (Hill. on Mortg. 162, § 15; Raynor v. Wilson, 6 Hill, 469; Collins v. Toney, 7 Johns. 278; Jackson v. Pratt, 10 id. 387; Den v. Dimon, 5 Halst., N. J., 156.) If it was the intention of the court in Meyer v. Campbell to hold a contrary view, it is not clearly expressed; and with the clear statement of the relation of the mortgagor and mortgagee in Kennett v. Plummer, and the universal holding in other States, we must unhesitatingly hold the doctrine in Missouri as well as elsewhere to be, that a defendant in ejectment can not set up a mortgage with which he is not connected as an outstanding title. The fact that ejectment may be brought in Missouri by the mortgagee, while it will not lie in New York, does not invalidate the New York authorities upon the present question; for only the mortgagee himself may avail himself of his right, and it is of no consequence, so far as strangers are concerned, whether he have only the right to foreclose or the right of ejectment as well.

The judgment of the District and Circuit Courts are reversed and the cause remanded for a new trial. The other judges concur.