HARDWICK V. JONES ET AL., PLAINTIFFS IN ERROR.

1. **Sheriff interested:** PROCESS, EXECUTION OF: CORONER. A sheriff who owns stock in a corporation, has no such interest as will disqualify him, either at common law or under the statute concerning coroners, (*Wag. Stat.* 284 §3) from executing process in a case to which the corporation is a party.

2. **Judicial Sale:** SHERIFF INTERESTED. A purchase by a corporation at execution sale is not void because the sheriff conducting the sale is at the time a stockholder in the corporation.

3. **Ejectment:** OUTSTANDING TITLE. A defendant in an action of ejectment, who claims adversely to both the parties to a mortgage, which is due and unsatisfied, can not avail himself of the mortgage as an outstanding title to defeat the action.

4. **Fraud.** It is no fraud on the part of the holder of several judgments to sell under a junior judgment, notifying bidders of the lien of those which are older.

5. **Land, conflicting claims to.** A person claiming title to land does not forfeit his right by attempting to buy in a conflicting claim.

6. **Ejectment:** VOLUNTARY CONVEYANCE. It is no objection to the plaintiff's title in ejectment that he is not a purchaser for a valuable consideration.

*Error to Jackson Circuit Court.*—HON. SAMUEL L. SAWYER, Judge.

*Jenkins & Twitchell,* for plaintiffs in error.

1. The plaintiff was not entitled to judgment, for the reason that there was an outstanding deed of trust, and at the time of trial the debt was due. *Myer v. Campbell*, 12 Mo. 603 ; *McCormick v. Fitzmorris*, 39 Mo. 24 ; *Johnson v. Houston*, 47 Mo., 227 ; *Harrington v. Fartner*, 58 Mo. 478.

2. The sheriff's deed to the Farmers' Bank of Missouri and J. W. Reid should have been declared void by the Court. The sheriff who made the levy was a director in the bank, and his successor who subsequently made the sale, was a stockholder in the bank at the time of the sale, and the bank was a purchaser ; thus, the sheriff making the sale was directly interested in the purchase, and subsequently received dividends from the bank. This is in direct violation of the statute (Wag. Stat. page 611 sec. 49). and repugnant to principles long established, and recognized and enforced by the Federal Courts, by the Courts of nearly all of the States and of England. *Wormley v. Wormley*, 8 Wheat. 421 ; *Wooton v. Hinkle*, 20 Mo. 290 ; *Neal v. Stone*, 20 Mo. 294 ; *Turner v. Adams*, 46 Mo. 95 ; *Durfee v. Moran*, 57 Mo. 376 ; *Kruse v. Steffens* 47 Ill. 114 ; *Fox v. Makreth*, 2 Brown's ch. 400 ; *Davoue v. Fanning*, 2 Johns. ch. 252 ; *Gardner v. Ogden*, 22 N.Y. 327. Especially has this court placed the seal of its condemnation upon such practices. *Thornton v. Irwin*, 43 Mo. 153. It is not necessary to prove actual fraud, but the fact that the officer, who is the agent of both plaintiff and defendant, is interested in the purchase, is held sufficient to vitiate the sale.

3. The sheriff being a stockholder in the bank, was incompetent to execute process in a case in which the bank was a party, and the execution should have been directed to the coroner of the county. Wag. Stat. 284, sec. 3 ; *Inhabitants v. Cole*, 8 Mass. 96 ; *Inhabitants v. Ints. of New Gloster*, 14 Mass. 216 ; *Thayer v. Ray*, 17 Pick. 166. The sheriff's interest was sufficient to have disqualified him as a witness in the case, under the former rules of evidence (*Robbins v. Butler*, 24 Ill. 387), and for the same reason disqualified him from serving process.

*F. M. Black* and *J. E. Merryman,* for defendants in error.

1. While a defendant in ejectment, in possession of property under a forfeited deed of trust or mortgage, may protect his possession against the mortgagor, still it is manifest that this principle has no application in this case. The defendants claim, in opposition to the deed of trust, not under it. The mortgagee in possession alone, could avail himself of such a defense. To this deed of trust the defendants are strangers, and to them it is no defense. *Woods v. Hilderbrand,* 46 Mo. 284.

2. The rule that a purchase by a trustee of the trust property is voidable at the instance of the *cestui que trust* can have no application. Neither of the sheriffs held any such relation toward Shrader, much less toward the defendants. They acted solely as officers, and were not purchasers. Moreover, the relation of trustee and *cestui que trust* does not exist between a corporation and its stockholders. Angel & Ames on Corp., sec. 313; 1 Edw. Ch. R. 87; 1 Miss. Ch. 174; 1 R. I. 1.

3. The sheriffs who made the levy and sale were not incapacitated to act because they were stockholders in the bank. *Merchants' Bank v. Cook,* 4 Pick. 405; *Adams v. Wiscasset Bank,* 1 *Greenl.* 361; Angel & Ames on Corp. sec. 639. The cases referred to by the plaintiff in error, in the 8th and 14th Mass. and 17 Pick., were suits against the " inhabitants of a town." The sheriff was one of the inhabitants, and in case of judgment it could be levied on the property of any inhabitant; and for this reason the sheriff was held to be a party to the suit, under the statutes of that State; but we have seen that there such rule does not apply to a stockholder of a moneyed corporation. 4 Pick. 405. The objections, if they were of any force, should be taken by way of abatement of the writ or motion to set aside the sale, and now, after a sale, they come too late.

HENRY, J.—This was an action of ejectment, originally in the Circuit Court of Clay County, for the recovery of a tract of fifty acres of land. It was taken to Jackson Circuit Court on change of venue, and there tried at the October Term, 1873. It is admitted that on the 24th day of April, 1865, Stephen Shrader owned and was in possession of the land; that on the first of May, 1861, two judgments were rendered by the Clay Circuit Court against said Shrader, and on the second day of May, 1862, nine others were by said court rendered against him; that prior to the rendition of these judgments, on the 26th of April, 1860, the State to the use of Clay County recovered a judgment against said Shrader and others for $8,919.60; that at the time of the sale hereinafter mentioned, the Farmers' Bank of Missouri owned and controlled all of said judgments; that said bank and John W. Reid as its attorney caused executions to issue on the judgments above mentioned, and had them levied on the land in controversy; that it was duly advertised for sale by the sheriff, Gittings, and sold at the proper time and place, under the executions issued on the judgments of 1861 and 1862. At this sale on the 27th day of April, 1865, said Farmers' Bank and John W. Reid became the purchasers, at the price of $100, and obtained the Sheriff's deed for the land. Afterwards Thomas McCarty, Darwin J. Adkins, Joseph T. Field and Reid purchased the interest of the bank, and plaintiff claims by purchase from them. At the date of said sale by the sheriff said Shrader was insolvent, and in March, 1868, was duly adjudged a bankrupt, and Samuel A. Vose was appointed his assignee, and as such, by order of the United States District Court for the Western District of Missouri, sold said land at public sale on the 7th day of September, 1869, and defendants purchased it at the price of $2,990. They were informed when they purchased that Reid, McCarty, Adkins and Field had purchased said land at the prior sale. Reid, however, bid for the land at the sale by the assignee, and defendants alleged that they were

deceived and misled by his bidding into the belief that they were buying a good title. The answer charges that said Gittings, Reid, McCarty, Field and Adkins combined and confederated together to cheat and defraud the other creditors of Shrader and said Shrader; that the sale under the junior judgment was made in furtherance of such fraudulent purpose, and that at the sheriff's sale they declared that whoever purchased the land would purchase it encumbered with the lien of the judgment rendered in 1860, and thereby deterred bidders. The replication denied the allegations in the answer except as above stated. At the time of the sale by him as sheriff, Gittings was a stockholder in the said bank, as was also the sheriff, his predecessor, who levied the execution on the land. Plaintiff, to secure the purchase money, $9,000, which he agreed to pay for the land, executed a deed of trust, conveying the same to A. J. Calhoun, and the condition was broken when this suit was instituted by the failure of said plaintiff to pay said money at the time named in said deed of trust. The land was at the time of sheriff's sale worth $10,000. The Court tried the case without the intervention of a jury and its finding and judgment were for plaintiff, and defendants have brought the cause here by writ of error.

I. It is contended by plaintiffs in error that the levy by the sheriff, F. R. Long, he being a stockholder in the 1. SHERIFF INTEREST-bank, as also the sale by Gittings as Sheriff, ED: process, execution of: coroner. he being likewise a stockholder in the bank, rendered the sale on the executions void, and in support of this position we have been referred to numerous authorities, which we have carefully examined and find that they do not sustain the appellant. *Bingo v. Binns*, 10 Pet. 269, decides that an agent to purchase cannot buy for himself; *Oliver v. Piatt*, 3 How. 333 that a trustee cannot convey a title discharged of the trust to a purchaser with notice of the trust; 47 Ills. 114 that one acting in a fiduciary capacity cannot purchase for himself the property. This was a sale of real estate by an administrator who pur-

chased or procured its purchase for himself. 11 Foster (N. H.) 70, 9 Barr 297, 4 Howard 503, are to the same effect.

II. In the case at bar, Gittings, the sheriff, was neither the purchaser nor interested in the purchase.

2. JUDICIAL SALE: sheriff interested. That the bank in which he was a stock-holder purchased, did not constitute the sheriff a purchaser: Under a statute of Massachusetts, which substantially provided that no sheriff who was a party to the suit should serve process therein, it was held that a sheriff who had stock in a plaintiff bank was not a party, and could serve. the writ, 4 Pick. 405. The same was held in *Adams v. The President, etc. of Wisconsin Bank*, 1 Greenl. rep. 329. The statute was simi-lar to that· of Massachusetts. The court distinguishes between stockholders in a banking institution and the inhabitants of *towns*, which in that State and in Massachu-setts are *quasi* corporations. " It is well known," says Mellon, J., " that all judgments against *quasi* corporations may be satisfied out of the property of any individual inhabitant, but an execution against a banking company, or any other proper aggregate corporation, cannot be satis-fied except out of the corporate fund." The same distinc-tion is recognized in the Massachusetts cases cited in the briefs of counsel, and those relied upon by appellants were suits against *towns*. Sec. 3 page 284 Wagner Stat. pro-vides that the coroner shall execute writs and precepts, and perform all other duties of the sheriff when the sheriff shall be a party, or when it shall appear to the court out of which the process issued, or to the clerk thereof, in vaca-tion, that the sheriff is interested in the suit, related or prejudiced against any party thereto, or in any manner dis-qualified from acting. It is clear that neither Francis R. Long, the sheriff who made the levy, nor Gittings, the sheriff who sold under the execution, was a party to the suits of the bank *versus* Shrader, and the existence of either of the other facts, which would have devolved upon the coroner the duty to officiate, not having been found by

the court, or the clerk in vacation, it would hardly be contended, seriously, that in a collateral proceeding the sale could be attacked and defeated by proof that one of those facts existed at the date of the levy or the sale. The relation of trustee and *cestui que trust* does not exist between a corporation and its stockholders. Angel and Ames on Corporation, sec. 13. If it did, we are at a loss to perceive how it would avail appellants here.

III.   Appellants contend that plaintiff was not entitled to a judgment, because there was an outstanding deed of trust on the land, and at the date of the trial the debt which it was executed to secure was due and unpaid. A mortgagee, or trustee, or one claiming under him, could make that defence, but not a stranger to the mortgage, holding adversely both to the mortgagor and the mortgagee. This has so often been decided by this court that it has ceased to be an open question. *Woods v. Hilderbrand*, 46 Mo. 284 ; *Johnson v. Houston*, 47 Mo. 227. Defendants have no connection with the mortgage, but are claiming against it.

3. EJECTMENT: outstanding deed of trust.

IV.   The allegations of fraud were not established by the evidence. In fact, what by the answer is charged as such, does not constitute fraud. The bank had a perfect right to have the land sold under the junior judgments, and although Reid may have said that a purchaser would buy under that sale subject to the lien of the oldest judgment, he told the truth, for that, we think, is the law. He also had a right to bid at the assignee's sale, and defendants cannot say that they were misled by Reid bidding, into the belief that they were purchasing a good title, and that Reid and his associates had none, for they were then and there told, as one of them testifies, that Reid and the bank owned that land. They bid to purchase peace, and had a right to bid and buy to avoid the law-suit with the assignee's grantee, without forfeiting their previously acquired right, to a party who, all the circumstances show, knew

4. FRAUD.

5. LAND: conflicting claims to.

what prompted Reid to bid. It is a matter of no con-
**6. EJECTMENT: voluntary conveyance.** sequence whether plaintiff, Hardwick, was a purchaser for a valuable consideration or not. He certainly has as good standing in a court of equity as his grantors would have, and we have seen nothing in the record to invalidate their title, if they instead of Hardwick were plaintiffs. Whether a purchaser for a valuable consideration or not, his conduct in the whole affair is meritorious, for he is endeavoring to save out of the wreck of their father's fortune something for Shrader's children.

Judgment affirmed. All concur, except SHERWOOD, J., absent.

