JOSEPH PENCE, Respondent, v. GEORGE L. GABBERT'S ADMINISTRATOR, Appellant.

Kansas City Court of Appeals, April 5, 1897.

1. **Covenant for Title:** MORTGAGE: ACTION. At common law a mortgage transferred the legal title defeasible on payment, leaving the mortgagor with only an equity of redemption. The modern doctrine makes the mortgagor the owner to all intents as respects every one except the mortgagee; and while he remains in possession by right or with the consent of the mortgagee, he may sue for a breach of the covenant for title in his grantor's conveyance and his recovery will bar a further claim by the mortgagee.

2. **Trial Practice:** AMENDMENT: SPECIAL DAMAGES: SURPRISE: CONTINUANCE. The plaintiff at the trial may amend by setting out the items that go to make up his claim for special damages without changing his cause of action; and if the defendant is surprised he can apply for a continuance.

3. **Covenant for Title:** DAMAGES: POSSESSION: INTEREST. For breach of covenant of warranty the measure of damages is the purchase money with interest; but where the covenantee has possession, he can recover no interest for any period prior to his eviction without proof that he has responded to his evictor for *mesne* profits and then only for such period as he shall have so responded.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

MODIFIED AND AFFIRMED.

*James W. Boyd* and *Benj. Phillip* for appellant.

(1) The court erred in refusing to permit appellant to prove that respondent in 1888 conveyed by deed to Railey, in trust for Wm. Pence, curator, to secure the payment of a note for $1,200, which at the time this suit was instituted and at the time of the trial, was due and unpaid, all of the land described in the warranty deed executed to him by appellant's intestate, George Gabbert, deceased. *Allen v. Kennedy*, 91 Mo. 329, 330, 331, and cases cited; *Jones v. Whitsett*, 79 Mo. 191, 192; *Flaniken v. Neal*, 67 Tex. 633; *Pence v. Gabbert*, 63 Mo. App. 302; *Hunt v. Marsh*, 80 Mo. 398; *Dickson v. Desire*, 23 Mo. 151; *Jones v. Richmond*, 13 S. E. Rep. 414; *Griffin v. Fairbrother*, 1 Fairf. (Me.) 91; *Van Court v. Moore*, 26 Mo. 92–98–100; *Devin v. Hendershott*, 32 Iowa, 192; *Brown v. Metz*, 33 Ill. 339; *Alexander v. Schreiber*, 13 Mo. 271, side page; *McGoodwin v. Stephenson*, 11 B. Mon. (Ky.) 21; *Ely v. Hergesell*, 46 Mich. 325; *Rose v. Schaffner*, 50 Iowa, 483; *Schanewerk v. Hoberecht*, 117 Mo. 30, 31; *Wendover v. Baker*, 121 Mo. 273–294; *Johnson v. Houston*, 47 Mo. 227–230; *Boyd v. Hazeltine*, 110 Mo. 203–207; *Cockrill v. Bane*, 94 Mo. 444; *Lockwood v. Hurdevant*, 6 Conn. 373–382. (2) The court erred in overruling defendant's motion to strike out that portion of plaintiff's amended petition claiming $100 paid for attorney fee, $73 paid for costs and $14 paid for brief in *Throckmorton v. Pence*. No such items of damages are claimed in the original petition and can not be inserted in the amended petition. (3) The court erred in giving to

the jury an instruction to find for the plaintiff "for the sum of twelve hundred dollars for the purchase price of the land in question and interest on said amount from the sixteenth day of August, 1890, at the rate of six per cent per annum," etc. Under the law in this state he was not entitled to recover interest from us for any period prior to his eviction, except for such time as he may have responded to his evictor for the *mesne* profits. *Hutchins v. Roundtree*, 77 Mo. 500.

*A. D. Burnes* and *Jas. W. Coburn* for respondent.

(1) We submit that appellant misconceives the legal effect of a deed of trust or mortgage. Under the old English law the mortgagee became the absolute owner of the land after default; but this doctrine has never obtained in Missouri. The doctrine is well established in this state that a mortgagor is the legal owner before default, even against the mortgagee, and, after default, the mortgagee upon taking possession is invested with the legal title solely for the purpose of subjecting the rents and profits to the satisfaction of his debt. 15 Am. and Eng. Ency. of Law, p. 735; *Walcopp v. McKinney*, 10 Mo. 229, 230. Assuming that the mortgagor had only "an equity of redemption," that equity has all the characteristics and qualities of a legal estate. Tiedeman on Real Prop. [1 Ed.], p. 226, sec. 318. And until entry by a mortgagee for condition broken, or until foreclosure, the mortgagor is the owner of the mortgaged estate and may lease the same, or otherwise deal with it as owner. *Kennett v. Plummer*, 28 Mo. 142; *Simpson v. Keane*, 39 Mo. App. p. 643; *Woods v. Hilderbrand*, 46 Mo. 284; *Pease v. Iron Co.*, 49 Mo. 128; *Fontaine v. Schulenberg, etc.*, 109 Mo. 55; *In re Life Ass'n*, 96 Mo. 632; *Logan v. R. R.*, 43 Mo. App. 71; *Fischer v. Johnson*, 51 Mo. App. 157;

*Walcopp v. McKinney*, 10 Mo. 230; 15 Am. and Eng. Ency. of Law, p. 739; Tiedeman on Real Prop. [1 Ed.], p. 227, sec. 319. (2) As against all the world, except the mortgagee, the mortgagor is the owner, and his title can not be defeated by showing that the property is pledged to a third person for the payment of the debt.    *Woods v. Hilderbrand*, 46 Mo. 287; *Johnson v. Houston*, 47 Mo. 231; *Jackson v. Magruder*, 51 Mo. 59; *Hardwick v. Jones*, 65 Mo. 60; *Cobb v. Graham*, 15 Mo. App. 298; *Mfg. Co. v. Gapen*, 22 Mo. App. 401; *Tobener v. Hassinbusch*, 56 Mo. App. 597; *Logan v. R. R.*, 43 Mo. App. 75, 76; *Chouteau v. Boughton*, 100 Mo. 411, 412; 15 Am. and Eng. Ency. of Law, pp. 809, 810. (3) Appellant's second proposition is that the court erred in permitting respondent to amend his petition by inserting in it some new items of damage not contained in the original petition.    But appellant should have, on the amendment, applied for a continuance, which the motion for a new trial does not show. *McMurry v. Martin*, 26 Mo. App. 437. (4) Appellant's third proposition is that respondent, having paid to Mrs. Throckmorton rents to May 7, 1894, only, and having remained in possession from that date to March 1, 1895, the instruction requiring the jury to find damages at six per cent from the date of the institution of the suit in ejectment, August 19, 1890, to March 1, 1895, was error so far as concerned the damages from May 7, 1894, to March 1, 1895.    7 Am. and Eng. Ency. of Law, pp. 40, 41; *McGary v. Hastings*, 39 Cal. 360.

GILL J.—This is a suit on a covenant contained in a warranty deed executed by Gabbert during his lifetime to plaintiff and conveying certain land in Platte county.    A third party subsequently sued the plaintiff and recovered an undivided half interest in

the land and this action based on the covenant of warranty was then brought for damages thus resulting. At the time the suit was commenced, and at the trial thereof, there existed an outstanding mortgage, or deed of trust in the nature of a mortgage, which plaintiff placed on the property after his purchase, and the mortgage debt was then past due. Plaintiff was, however, still in the possession of the property, the mortgagee never having disturbed him nor foreclosed the deed of trust.

The first and principal question arising on the foregoing facts is, whether or not the plaintiff is entitled to sue and recover for the breach of the covenant for title contained in his deed from Gabbert, notwithstanding the subsequent execution of the deed of trust before mentioned. It is defendant's contention, that the effect of Pence's execution of the mortgage or deed of trust was to transfer, along with the title of the land, the covenant relating to, or for the protection of the title, and that therefore at the institution and trial of this case this right of action was vested solely in Pence's mortgagee and not in him.

COVENANT for title: mortgage: action:

Notwithstanding the plausibility of counsel's argument, and apparent support therefor drawn from certain decided cases, we think defendant's position untenable. It is true that the covenant in question is one running with the land and is an incident to a conveyance of the fee. And under the ancient common law it was formerly understood that a conveyance by mortgage at once transferred the legal title, defeasible on payment of the debt, and in case of nonpayment the conveyance became absolute. The legal title was held to pass at once, on the execution of the mortgage, out of the mortgagor, leaving him with only a right in equity to redeem. But this old rule has been very

materially modified, and has given way to the modern and almost universal doctrine that the mortgagor, even after condition broken, remains the owner of the mortgaged property to all intents and for all purposes, as respects everyone except the mortgagee and those claiming under him. A mortgage on real' estate is now a mere security for the debt—is a chattel interest passing, at the death of the mortgagee, to the personal representative rather than to the heirs. The mortgagor, as the law now stands, may retain the possession until default, and even longer if the mortgagee expressly or impliedly consents. And during the time he so holds—whether before or after condition broken—the mortgagor may sell, or may lease the premises and collect the rents and profits, and is entitled to sue for and recover all damages resulting from injuries inflicted or from any interference with his (the mortgagor's) possession. As to all parties save and except the mortgagee these rights and remedies belong to the mortgagor to the same extent after as before the mortgage was executed, and after as well as before default in paying the mortgage debt. As to all the world except the mortgagee, the mortgagor continues the real owner and entitled to all the damages done to, or fruits and profits flowing from, the property. But after default in payment of the debt, or other breach of condition, the mortgagee may, if he thinks it proper for his own security, enter and treat the property as his own, except that he shall account for all rents and profits he may receive by crediting the same on the debt. This, however, is the exercise of an option or right left entirely to the mortgagee; and until the mortgagee so moves for his own protection, the mortgage continues a mere charge or incumbrance and does not divest the estate of the mortgagor. *Kennett v. Plummer*, 28 Mo. 142; *Woods v. Hilderbrand*, 46 Mo. 284; *Pease*

v. *Pilot Knob Iron Co.*, 49 Mo. 124; *Jackson v. Magonder*, 49 Mo. 55, 59; *Hardwick v. Jones*, 65 Mo. 54, 60; *In re Life Ass'n of America*, 96 Mo. 632, 636; *Bobb v. Graham*, 15 Mo. App. 289, 298; *Logan v. Railway*, 43 Mo. App. 71; *Fischer v. Johnson*, 51 Mo. App. 157, 162; Tiedeman on Real Property, secs. 324, etc. In *Woods v. Hilderbrand* (*supra*), among other things, it is said: "The mortgagee himself in possession after forfeiture, might doubtless set up his own title against that of the mortgagor, but as against all the world besides, the mortgagor is the owner, and his title can not be defeated by showing that the property is pledged to a third person for the payment of the debt."

Since, then, the mortgagor may, even after condition broken, continue the use and enjoyment of the rents and profits of the mortgaged land—undisturbed and unquestioned by anyone except the mortgagee or those claiming under him—a like rule should apply as to the right of the mortgagor to sue and recover for breach of the covenant of his grantor. While said covenant may be treated as an incident of the title and pledged along with it as security for the mortgagee's claim, so that the latter might, if deemed best for his security, utilize it, yet, as with rents and profits accruing subsequent to forfeiture, he (the mortgagee) may decline to take advantage of the mortgagor's default and may allow him to pursue and recover from the latter's grantor. And a recovery by the mortgagor will, as in case of collection of rents after default, bar any further claim by the mortgagee.

Counsel for defendant have cited authorities from other states, and especially the case of *Deven v. Hendershott*, 32 Iowa, 192, which seem to conflict with the views here expressed. We feel constrained, however, in view of the decisions of our own supreme court and

the advanced doctrine here entertained in relation to mortgages, to hold, contrary to the Iowa court, that plaintiff can maintain this action.

There was no error in permitting the plaintiff at the trial to amend his petition so as to set out in detail the different sums going to make up his claim for damages. These items were matters of special damage and should have been so pleaded. But in so amending the petition plaintiff did not change the cause of action; and if the defendant was at the time taken by surprise and felt unable to meet the charges of special damages, then he should have applied for a continuance.

TRIAL practice: amendment: special damages: surprise: continuance.

The only remaining question relates to the court's instruction on the measure of damages. Plaintiff bought the land and entered into possession March 1, 1888, and continued to hold the same until he surrendered possession to the holder of the paramount title on March 1, 1895. This holder of the superior title recovered in an ejectment suit against the plaintiff the rents and damages from August 16, 1890, to May 7, 1894. But from said May 7, 1894, to March 1, 1895, plaintiff, though retaining the possession and use of the land, paid nothing for rents or profits.

COVENANT for title: damages: possession: interest.

The jury under the court's instruction gave, as they were told, a verdict for the purchase money ($1,200) together with interest thereon from August 16, 1890, to the date of the trial. The defendant contends that plaintiff was not entitled to interest from May 7, 1894, to March 1, 1895, because during that time plaintiff enjoyed the possession and use of the property without accounting to his evictor or any other person. In this matter the defendant is clearly right. *Hutchins v. Roundtree*, 77 Mo. 500. It is there held that although "the general rule is that for a breach of

covenant of warranty, the measure of damages is the purchase money with interest; but where the covenantee has had possession and use of the premises, he can recover no interest for any period prior to his eviction, without proof that he has responded to his evictor for *mesne* profits, *and then only for such period as he shall have so responded.*"

The judgment then is excessive to the extent of the interest at six per cent on $1,200 from May 7, 1894, to March 1, 1895, that is, $58.40. And if then the plaintiff will remit that amount within fifteen days, the judgment will be affirmed for the balance, to wit, $1,715.45, which will bear six per cent interest from the date of the judgment below. If he fails or refuses to remit the judgment will be reversed and cause remanded. The costs of the appeal will be taxed against the plaintiff. All concur.