Lumber Co. v. Tie Co.

HOLLADAY-KLOTZ LAND & LUMBER COMPANY, Respondent, v. T. J. MOSS TIE COMPANY, Appellant.

St. Louis Court of Appeals, May 7, 1901.

1. Evidence: TITLE PAPERS: ALTERATIONS IN PAPER. Persons relying upon title papers should explain the alterations, while in their possession, which such instruments have ·undergone, before introducing them in evidence.

2. ———: ———: ———: TAX DEEDS. In the case at bar, each of the deeds purported to convey the title of the record owner of the land at the time they were made and at the time the tax suits were instituted.

3. ———: ———: ———: INTERPOLATION OF NAMES SUBSEQUENT TO EXECUTION OF DEED. And the fact that, subsequent to their execution, other names of persons having no title to the land were interpolated in the deeds, did not affect the validity of the latter as transferring the title and estate of the persons properly named in them, and properly joined in the tax suit.

4. ———: ———: ———: PRIVITY OF TITLE. And the subsequent additions to these deeds, whether by the parties having them in custody or by mere spoliators, could only prejudice some one in privity of title with the persons whose names were thus added to the deeds.

Appeal from Wayne Circuit Court.—*Hon. F. R. Dearing,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

Plaintiff avers that since December 2, 1895, it has been

the owner in fee of certain land described in its petition, and that it required on that date an assignment in writing from the prior owners or all their rights in actions for trespass or damages committed on said land before its acquisition by plaintiff; that on January 1, 1894, and divers days since, the defendant by its servants and by a conspiring with divers other irresponsible persons, entered upon said lands, willfully, wrongfully and without right or title thereto, committed trespass thereon by cutting down and removing enough timber to make thirty thousand railroad cross-ties; that the land was only valuable for timber, wherefore plaintiff claims to have been damaged in the. sum of fifty-four hundred dollars, which it is alleged is treble the value of the timber and trees cut down and removed, and for which it prays judgment.

The answer was a general denial, and for new matter averred that a certain sheriff's deed purporting to convey part of the land described in the petition was a forgery and invalid as a link in the title of plaintiff; that said deed was procured under a tax judgment against a party who had been dead for twenty-five years and was not the record owner of the land at the time of the rendition of said judgment. It averred that another sheriff's deed was also a forgery and fraudulent, and insufficient to convey any title to the plaintiff or its grantors.

The replication was a general denial. When the two sheriff's deeds, attacked in the answer, were introduced in evidence, they were admitted over the objection and exception of defendant, as were all the other deeds adduced by plaintiff for the deraignment of its title to the land. When the case was here on a former appeal, it was decided, upon evidence substantially similar to that adduced on the last trial, that plaintiff's was entitled to go to the jury on the issue as to whether defendant bought the timber which had been cut from the land in dispute by other parties, with knowledge that such parties

had committed a trespass on plaintiff's land in cutting and removing the timber therefrom (79 Mo. App. 543).

On the present trial, the jury returned a verdict of fifty dollars as the value of the timber taken, and a further finding, that defendant knew, when he received and bought said timber, that it had been wrongfully taken from plaintiff's land. Whereupon, the court rendered judgment upon said verdict for one hundred and fifty dollars—treble the amount of the verdict—from which defendant has appealed to this court.

*M. R. Smith* for appellant.

(1)    The defendant properly objected on the ground that the names of Clarence Delafield and Jacob Catron had been fraudulently inserted in them after their execution, and to that extent charge that they were forgeries, and by parol evidence prove it, and thereby have them excluded as evidence of title. 1 Greenlf. on Ev., secs. 284 and 568; Sweet v. Maupin, 65 Mo. 67; State v. Gonce, 79 Mo. 602; State ex rel. v. Maloney, 113 Mo. 371; Wood v. Hilderbrand, 46 Mo. 286; Underhill on Ev., p. 180 (note 3); Chesley v. Frost, 1 N. H. 147, 148; Harnick v. Malin, 22 Wend. p. 393; 3 Taylor on Ev., sec. 1825, p. 1197; Lewis v. Payne, 8 Cowen, p. 73; Withers v. Atkinson (Pa.), 1 Watts, 249.    (2)    Plaintiff objected to the use of the abstract books of title for any purpose—that witness Settle, the owner thereof when made, could not use them to refresh his memory with respect to the sheriff's deeds. Briggs v. Henderson, 49 Mo. 531; Callaway v. Fash, 50 Mo. 422.    (3)    The court, notwithstanding that the names of Clarence Delafield and Jacob Catron were written in the deeds in a different colored ink, and heavier hand, as will be seen by inspection of the deeds, and an examination of the evidence in proof of the fraudulent insertion of said names, admitted

them over defendant's objection as evidence of title in plaintiff, and in doing so committed error. Kelly v. Thuey, 143 Mo. 433; Mathews v. Coalter, 9 Mo. 701-711; Paramore v. Lindsey, 63 Mo. 66.

*James F. Green* and *J. H. Raney* for respondent.

(1) The sheriff's deeds read in evidence made a prima facie case of title in plaintiff. R. S. 1899, sec. 3150; R. S. 1899, sec. 3210; Jordan v. Surgnor, 107 Mo. 525, 1. c.; Sachse v. Klingsmith, 97 Mo. 408. (2) The question of forgery or alteration of the deeds was one of fact for the jury, which they, under proper instructions, have resolved against defendant. McCormick v. Fitzmorris, 39 Mo. 34; Burnet v. McCluncy, 78 Mo. 687; Woods v. Hilderbrand, 46 Mo. 286; Alexander v. Hickok, 34 Mo. 496. (3) It may be added, that whether there was or was not an alteration of the sheriff's deeds by the addition of the name of Clarence Delafield in one and Jacob Catron in the other, such alterations were utterly immaterial and do not affect plaintiff's title, as neither of the parties mentioned had title at the time of the institution of the tax proceedings. (4) And it is quite unnecessary, in order to charge a defendant in an action for a trespass, that he should have physically participated in the act of seizing and removing. McNeely v. Hunton, 30 Mo. 332. No reason is perceived why this rule should not apply to actions for treble damages, for trespass under the statute. The statute makes the action rest upon the cutting down, destroying or carrying away of certain named property, in which the person committing the act "has no interest or right, standing, lying or being upon lands not his own." R. S. 1899, sec. 3921. In another section it prescribes what shall be a defense to the action, in the following language: "On the trial of any action or prosecu-

tion brought upon this statute, if it shall appear that the defendant had probable cause to believe that the lands on which the trespass is alleged to have been committed, or that the things so taken, carried away, injured, or destroyed, was his own, the plaintiff in the action or prosecution shall receive single damages only, with costs." R. S. 1899, sec. 3924. This "probable cause to believe," etc., is the one thing which distinguishes the action for treble damages from the common-law action for single damages; and it is held that in order to show that the defendant had such "probable cause to believe," etc., so as to take the case out of the statute, the burden is upon him. Walther v. Warner, 26 Mo. 143-149; Henry v. Lowe, 73 Mo. 96-100.

BOND, J.—The demurrers to the evidence in this case are disposed of by the ruling made by this court when the cause was before us on a former appeal. It was distinctly held, in the opinion then delivered, that the evidence adduced, furnished a basis for the verdict of the jury upon the question as to the guilty knowledge of appellant in the purchase of the ties cut from the land claimed by respondent. It is argued further, on the present appeal, that the two sheriffs' deeds attacked in the answer, were inadmissible in evidence. When this objection was made in the lower court, it was overruled on the ground that the insertion of the name of Joseph Catron in one deed and of Clarence Delafield in another, was the mere insertion of unnecessary parties defendant in the tax suits upon which said deeds were rested, wherefore such alteration or forgery in no way affected the title transmitted by the deeds made in confirmation of the sales of the land had in such actions. The general rule is that persons relying upon title papers should explain the alterations, while in their possession, which such instruments have undergone, before introducing them in evidence.

Kelly v. Thuey, 143 Mo. 433. In the case cited, the court having under review the alteration of a receipt, applied this doctrine to that contract in the most broad and liberal terms.

In Woods v. Hilderbrand, 46 Mo. 284, which was an action of ejectment upon a sheriff's deed conveying several parcels of land, including the one in controversy, the evidence showed that the plaintiff after receiving the deed, altered the description of one of the parcels, but not the one he sought to recover. The trial court held this was fatal to the deed as conduit of title as well as to its admissibility in evidence. In passing upon which ruling, the Supreme Court said: "In both these positions the court committed manifest error. It is a mistake to suppose an alteration in a deed conveyance after delivery operates to reconvey the title to the original grantor. A total destruction of the instrument will not have that effect, but the title remains in the grantee and he may bring ejectment upon it. The title passed by the deed; it has performed its office and its continued existence or integrity is not essential to the title although a fraudulent and material change may disable the holder from bringing an action upon its covenants." * * * "The description of one of the parcels—from what motive does not appear—was changed by the grantee. Without considering what might be the effect of this change as to that parcel, we can not see how it should affect the conveyance as to the others. As to them the alteration was immaterial, as the deed remains in full force and should have been received as evidence of the plaintiff's title." To the same effect, Burnett v. McCluey, 78 Mo. 67$.

The appellants, in the case at bar, set up no title to the land. There is nothing in the record to show that either Catron or Delafield had any interest or right to the land at the time of the execution of the two deeds, nor that they were

Vol 89 app—36

proper parties to the suit for delinquent taxes, in consummation of which the deeds were executed. Each of the deeds purported to convey the title of the record owner of the land at the time they were made and at the time of the tax suits were instituted: they certainly performed this office. The fact that subsequent to their execution, other names of persons, having no title to the land were interpolated in the deeds, did not affect the validity of the latter as transferring the title and estate of the persons properly named in them, and properly joined in the tax suits. The subsequent additions to these deeds, whether by the parties having them in custody or by mere spoliators, could only prejudice some one in privity of title with the persons whose names were thus added to the deeds. As the appellant made no claim to such a relation with the parties whose names were thus inserted, it surely was not harmed by that fact; hence, its objection was no ground for the exclusion of such deeds from evidence as conveyances prima facie valid of the titles of the persons who were properly joined in the tax suits and whose interest was sold thereunder. We think, therefore, there was no error in the ruling of the trial court on this point.

A careful examination of the instructions in this case shows that all of those requested by defendant were given, except one, which latter in our opinion, was fully covered, as far as proper, by matters embraced in other instructions.

The result is the judgment herein is affirmed. All concur.