McKnight vs. Spain, use of Field.

WILLIAM S. McKNIGHT vs. WM. SPAIN, use of A. P. FIELD.

In a criminal cause, where judgment is for costs only, without specifying the amount, an execution upon it which commands the sheriff (or other proper officer) to make the costs in the cause, is good; provided the name of each of the officers and other persons to whom fees are due, together with the amount due each be properly endorsed upon it.

2. By the 30th sec. of the 7th art. of the act concerning "practice and proceedings in criminal cases," the State has a lien upon the property of the defendant, in case of conviction, from the time of arrest or the indictment found, whichever should first happen, which cannot be divested by any subsequent assignment—not even to counsel to assits him in his defence.   The arrest of the defendant by an officer without a warrant, is sufficient to attach the lien of the State.

## APPEAL from St. Louis Circuit Court.

LESLIE, for appellant.

The property in question belonging to Spain at the time of arrest was by lien bound for the payment of the costs of the prosecution by Spain.  And Spain being convicted, he levied upon the property and money to satisfy the execution according to the 30th section of the 8th article of practice and proceedings in criminal cases.  R. S., 1845, page 887, sect. 30th.

FIELD, for appellee.

The appellee insists in this case that upon the whole record, the case was decided as it should have been, for the plaintiffs below:

1st.  Because it was not shown by any proof offered in the case, that Spain was arrested on the charge of which he was indicted and convicted.  If he had been legally arrested before the finding of the indictment, it should have been shown by the warrant, affidavit or in some other legal way.  This not having been done, the presumption was that the indictment was the first step legally taken in the prosecution.

2d.  Although he might have been arrested before the assignment to Field of the money in controversy, still the appellee contends that the State had no such lien on the money as would have prevented Spain from using it to employ counsel to defend him against the charge of grand larcey.

3d.  Does this law which says that all a person's property both real and personal, shall be bound for the fine and costs in the case from the time of arrest or finding of the indictment whichever may happen first, embrace money which a man may have in his pockets—does personal property, when used in the law above referred to include money.  I think it is evident that it does not.   The terms personal property used in the criminal code does not mean money.  See Revised Laws, State Edition, page 887, sect. 30.

Taking, therefore, all the provisions of the law together, Spain, undoubtedly, had a clear legal right to use the money he had to employ counsel to defend him against this charge, and in doing so he violated no right the State had.   Revised Laws, page 872, sect. 4; do. page 887, sect. 30; do. page 415, sect. 40.   Under the head of jail and jailors, see Revised Laws, page 617, sections 9 and 11.

RYLAND, Judge, delivered the opinion of the court.

This was originally an action of assumpsit brought before a justice of the peace in Saint Louis township by the appellee, William Spain for the use of A. P. Field against the defendant, William S. McKnight for the sum of ninety dollars for money and property levied upon by

McKnight, by virtue of an execution from the criminal court, in favor of the State of Missouri against said William Spain. From the record and proceedings below, we find the following facts: Spain was arrested by James McDonough, Captain of the city watch, for grand larceny. McDonough found upon his person a one hundred dollar bank note of the bank of Missouri, and a gold watch. This watch and bank note, McDonough, at the time he arrested Spain, took from, and the same remained in the hands of the officers of the criminal court of St. Louis county, until after Spain was indicted and convicted of the crime of grand larceny, and adjudged to pay the costs of the prosecution. An execution was issued by the clerk of the criminal court in favor of the State against the goods and chattels of said Spain, and William S. McKnight the marshal of said criminal court, levied said execution on the above property, that is, the bank note and the gold watch, and returned on said execution, that he had made by the sale of the same the amount of one hundred and sixty-one dollars, being fifteen dollars and fifty cents less than the costs. It also appears, that Spain, shortly after his arrest, conveyed by bill of sale the above property, that is, the gold watch and hundred dollar bank bill to A. P. Field, Esq., in order to employ him, said Field, as an attorney to defend said Spain on his trial for said grand larceny. It appears that said A. P. Field did defend said Spain on the trial, but Spain was found guilty, the jury stating in their verdict that the "amount of money stolen was nine hundred and nine dollars and ninety-five cents." It appears that Captain McDonough had no warrant against Spain at the time he arrested him, nevertheless, he, a captain of the city watch arrested Spain on a charge of grand larceny, Spain was indicted on the charge, was convicted and sentenced to the penitentiary for five years. In order to make the costs of this prosecution, an execution issued and the property taken from Spain by McDonough was levied on by the marshal of the criminal court, the present appellant, and sold to make the costs. The sale of the property to Field was after the arrest and before the indictment.

The plaintiff, Spain to the use of Field obtained judgment for ninety dollars and costs against the appellant McKnight before the justice of the peace, McKnight appealed to the circuit court, there Spain again obtained judgment for $90 against McKnight, and McKnight moved for a new trial, which was overruled. He excepted to the opinion of the circuit court and brings the case to this court by appeal.

On the trial of the cause in the circuit court, evidence was excluded on the part of McKnight, and instructions refused on his part which at the time were excepted to by the defendant. It seems that after the

McKnight vs. Spain, use of Field.

defendant had given a copy of the record and proceedings from the criminal court of the case of the State of Missouri vs. William Spain, indicted for grand larceny, in evidence, also a copy of the execution which had issued on the judgment of conviction and for costs in said case, so as to show the indictment, conviction, judgment, execution for costs, levy and sale return made by marshal McKnight, the plaintiff moved the court to rule out from the evidence, the execution, endorsement and return thereto, because the same was void, which motion the court sustained—declared the execution void, and ruled out the same, and the return and endorsement from before the jury as any evidence. To this judgment of the court the defendant excepted.

After the evidence was closed, the defendant prayed the court to give the jury the following instructions, viz:

1st. If the jury believe from the evidence, that the property in question was in the possession of William Spain at the time of his arrest, or at the time the indictment was found against him, the State has a lien upon the property, which could not be divested by any assignment made to the plaintiff in this suit.

If the jury believe, that the property in question was before the date of the assignment in possession of the officers of the State, then the State had a right to retain the said property to pay the costs and expenses of the suit and prosecution of the indictment against Spain which were adjudged against Spain, in favor of the State by the judgment of the criminal court of Saint Louis county. The court refused to give these instructions—and the defendant below excepted. The court then gave the following instruction for the plaintiff, (viz:) "If the jury believe from the evidence, that the money in question was assigned by Spain to A.P. Field, to whose use this suit was brought, and that the defendant had notice of the said assignment while the money was in his hands and before this suit was instituted, the plaintiff is entitled to recover in this action." The defendant excepted to the giving this instruction.

The giving and refusing these several instructions and the excluding the evidence of the execution, endorsement and return are now before us for consideration.

In the first place, I will state that by our statute, practice and proceeding in criminal cases, article VII, sec. 30, "The property real and personal of any person charged with a criminal offence, shall be bound from the time of his arrest, or finding the indictment against him (which ever shall happen first,) for the payment of all fines and costs which he may be adjudged to pay."

McKnight *vs.* Spain, use of Field.

The 31st sect. of the same article makes it the duty of the clerk at the end of each term to issue execution for the costs of convictions in criminal cases during the term and remaining unpaid, which shall be executed in the same manner as executions in civil cases.

The conviction of the defendant, William Spain, appears from the bill of exceptions to have taken place on the 29th of March, 1845, and the execution for the costs was dated the 4th day of June, 1846. The execution commands the marshal of the county of St. Louis to make the costs in the case of the State vs. Spain, without saying what sum these costs amount to on the face of the writ; but on the back of the writ of execution I find the costs endorsed. The officer is named, and the amount due him as costs, as follows, thus—

July term, 1845. The State vs. William Spain. Judgment for costs

| | | | | | | |
|---|---|---|---|---|---|---|
| Clerk's fees | - | - | - | - | - | $11 95 |
| Marshall | - | - | - | - | - | 10 12 |
| Circuit Attorney | - | - | - | - | | 8 00 |
| Jailor, Jamison | - | - | - | - | - | 56 75 |
| B. Garvin, witness, | - | - | - | - | | 78 00 |
| Aug. Guilbreth, do. | - | - | - | - | - | 3 00 |
| Service, | - | - | - | - | .. | 1 00 |
| Commission | - | - | - | - | - | 5 25 |
| Advertising | - | - | - | - | - | 2 50 |
| | | | | | | $176 57 |

This is the manner of collecting the costs in civil cases. The judgments are, for the debt so much, and damages so much, and costs, without specifying what exact sum, and on the execution the costs are endorsed and this has ever been considered in this State sufficient authority to make the costs. I am not satisfied that the execution in this case offered in evidence by the defendant below was void. On the contrary, I think it proper evidence, and ought to have been permitted to remain with the jury. What makes the execution void? The clerk has authority to issue it expressly under the statute. He issues it and endorses the amount of costs due each officer and witness on the writ. The judgment is for costs, not specifying any particular sum. In civil cases the law of executions, Digest 1845, chapter 61, section 9, page 476, requires the clerk to endorse upon every execution the amount of debt and damages and costs before the delivery of the execution to be executed. If there be no debt nor damages, but a judgment for costs only, then I conceive an execution without any specific sum mentioned on its face for costs, will be sufficient, if the clerk endorse the amount of costs on it before he gives it to the officer to be executed. The

court then erred in its judgment in ruling out the evidence of the execution, its endorsement and return.

The plaintiff contends that the section of the statute which gives to the State a lien on the defendant's property, real and personal for the costs, fines, &c., must be so construed as to be a lien on a part or portion only of his property, enough must be left him to employ counsel to assist him in his defence. I cannot so construe the statute. The State has its lien from the arrest or from the indictment, whichever takes place first, upon the property, both real and personal, and the first instruction asked as above by the defendant is the law and ought to have been given.

I am inclined to think that the second instruction likewise should have been given for the defendant, and such being my opinion of the law governing this case, the plaintiff's instruction given by the court to the jury is incorrect and ought to have been refused. The court erred therefore in refusing to give the instruction prayed for by the defendant below as above set forth in this opinion, and erred also in giving the plaintiff's instruction as set forth above.

The motion for a new trial ought to have been sustained. For these errors, therefore, the judgment of the circuit court of St. Louis county is reversed. I consider the arrest of the plaintiff, Spain, by Captain McDonough as a valid one so as to attach the lien of the State upon the goods and chattels of said Spain from its date. His having no warrant is a circumstance of no importance. The arrest was made, and it seems to have turned out a very efficacious one.