## Charles H. Roberts *et al*

### *v.*

## Calvin Stigleman *et al.*

1. Chancery practice—*filing further answer.* After replication is filed, the defendants in a chancery suit can not put in any amended or new answer without leave of court, except when required to do so by the court; and if the same is so filed without leave or requirement of the court, it will be disregarded.

2. Same—*when sworn answer must be proved.* If a sworn answer to a bill in chancery sets up new matter in defense, not responsive to the bill, as, a homestead exemption to a bill to foreclose a mortgage, the defendant must sustain the same by proof.

3. Same—*setting cause for hearing on bill and answer.* When new answers are filed after replication without any leave or order of the court, and the cause is heard without any replication to the new answers, they will not be taken as true, but will be disregarded.

4. Same—*practice on death of one of several complainants.* On bill to foreclose a mortgage by several partners, given to secure a partnership debt, a bill of revivor is not necessary on the death of one of the partners, but, the death being shown to the court, the suit may be prosecuted by the survivors.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. DAVID M. WOODSON, Judge, presiding.

Mr. WARREN & POGUE, for the plaintiffs in error.

Messrs. S. T. & R. S. SAWYER, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought by the defendants in error, together with Orleans M. Adams, as partners, under the name of Stigleman & Co., against the plaintiffs in error, Charles H. Roberts and Elizabeth T., his wife, to the September term, 1859, of the Jersey circuit court, to foreclose a mortgage executed by the two latter to Stigleman & Co., July 10, 1858, upon two lots in Jerseyville, to secure the payment of two notes of that date, executed by said Charles H. Roberts to Stigleman & Co., each for $237.50, payable in eight and twelve months. There was no release of any homestead right in the mortgage. The bill did not waive answer under oath.

At the September term, 1859, on the 7th day of September, the defendants filed their separate sworn answers to the bill, admitting the execution of the mortgage and setting up a homestead right in the mortgaged premises, and asking that commissioners be appointed to set off the homestead. On September 9th, of the same term, a replication was filed to the answers. On September 6, 1860, there was filed an answer purporting to be by the defendants, signed by H. H. Howard alone, as their solicitor, and not sworn to. This was without leave of court or motion for leave.

On the 17th of April, 1861, the defendants, without leave of court or motion therefor, filed further answers, sworn to.

The last two answers of September 6, 1860, and 17th April, 1861, set up a homestead right, and differed from the first answer in setting up the particular facts showing the exist-

ence of a homestead right, while the first only alleged, generally, the existence of a homestead right.

There was no replication to the last two answers.

The cause was continued from term to term until April term, 1865, when complainants suggested the death of Orleans M. Adams, and the suit was ordered to be further prosecuted in the name of the surviving partners, Stigleman and Patterson.

There was a reference to the master to compute the amount due on the notes and mortgage, and the cause coming on to be heard upon the bill, answers of defendants, report of master in chancery, exhibits and proofs, a decree was entered against the defendants, that, in default of payment of the amount found due by a day named, the premises be sold for the payment thereof. Sale was made under the decree.

More than nine years after the entering of the decree, the said Roberts and his wife bring this writ of error for a reversal of the decree.

The defendants here put in their sworn answers to the bill, to which the complainants filed a replication, and under the 32d section of the Chancery Act: "After replication is filed, the cause shall be deemed at issue, and stand for hearing at the next term." The cause, then, was at issue upon the filing of the replication to the first sworn answers, and under the rules of chancery practice the defendants could not put in any amended or new answer without first applying to the court for leave to do so, or having been required by the court to do so.

The subsequent answers having been filed without such leave or requirement, or any application for the purpose, they must be disregarded as forming any part of the record.

There was sufficient evidence to support the decree in the admissions in the answers of Roberts and his wife of the execution of the mortgage, and in that of Roberts of the execution of the notes, and in the master's report showing the amount due upon the same. The claim of a homestead right which was set up in the answers was new matter, not respon-

sive to the bill, and it was for the defendants to make proof thereof. The record contains no evidence whatever in regard to a homestead right.

Plaintiffs in error take the position, that as no replication was filed to the last two answers, filed on the 17th day of April, 1861, and the 6th day of September, 1860, they are to be taken as true; and they set up a homestead right in the premises, and allege facts showing the existence of such right. True, the statute provides that, in default of filing a replication to an answer, the court may set the cause for hearing upon bill and answer, in which case the answer shall be taken as true. But there had not been here any order of court setting the cause for hearing upon bill and the answers to which no replication had been filed, and, as before remarked, those answers were irregularly filed under circumstances that the complainants were not required to take any notice of them.

It is suggested, that the court below treated the additional answers as properly filed. There is nothing more in the record from which to infer this, than the recital in the decree of the cause coming on to be heard upon the bill, "answers of defendants," etc. The two separate sworn answers of Charles H. Roberts and Elizabeth T. Roberts, were "answers of defendants," and it does not appear that the recital of the decree referred to anything more than these. It can not be intended that it referred to any other answers than those regularly in. It comes quite short, under the circumstances, of showing that the cause was set by the court for hearing upon bill and the answers to which no replication had been filed, so that, under the statute, those answers were to be taken as true.

There is nothing in the point made, that the suit should have been revived on the death of Orleans M. Adams, by the filing of a supplemental bill. The cause of action here, being a note given to the complainants as partners in trade, survived on the death of Adams, to the surviving complainants;

and the statute expressly provides that, in such case, the suit shall not be abated by the death of one of the complainants, but that, the death being suggested and shown to the satisfaction of the court, the cause shall proceed at the suit of the surviving complainants.

Perceiving no error in the record, the decree is affirmed.

*Decree affirmed.*