JOHN BOBB, Respondent, *v.* THOMAS J. GRAHAM ET. AL.,
Appellants.

March 4, 1884.

1. JUDGMENTS — LIENS — COSTS. — A judgment of a court of record which
is final, is a lien, though the money judgment is for costs only.

2. —— The assessment of costs being fixed by law, a final judgment for costs is
sufficiently certain to create a lien for the costs when taxed.

3. PARTITION — TITLE ACQUIRED AFTER INTERLOCUTORY DECREE — ESTOP-
PEL — EJECTMENT. — A party who, after the interlocutory decree in par-
tition, acquires an interest under the common title, which is not adverse
to such title, and which is not based upon a denial of the findings of the
decree, is not estopped to set up such interest in ejectment, against an-
other party to the partition proceedings.

4. —— PRACTICE. — One who acquires such an interest after the interlocu-
tory decree in partition, is not bound to apply for the appointment of com-
missioners to have the judgment set aside on account of his newly acquired
rights.

5. JUDICIAL SALES — INADEQUACY OF PRICE. — Inadequacy of price will not,
in the absence of fraud, avail to set aside a judicial sale otherwise valid.

6. —— IRREGULARITIES — COLLATERAL ATTACK. — Mere irregularities in
judicial sales will not avail in collateral proceedings, to invalidate such
sales.

7. —— EXECUTIONS — AMENDMENTS — SHERIFF'S DEED. — A clerical error
in the body of an execution as to the date of the judgment, corrected by
leave of court after the sale, and before the execution of the sheriff's deed,
does not affect the validity of the deed.

8. EJECTMENT — OUTSTANDING TITLE. — A deed of trust to secure the pay-
ment of money can not be set up in ejectment as an outstanding title.

9. EVIDENCE. — The controversy being as to the value of a life estate, an
offer to show the value of the fee only is properly rejected.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

DYER, LEE & ELLIS, for the appellants: The court erred
in admitting in evidence the sheriff's deed to John H. Bobb,
based upon the sale of the property levied upon under the
execution in the case of *Lewis* v. *Bobb*, because plaintiff is
estopped by the decree in partition in the case of *Zelle* v.

*Bobb* from asserting any right, title, or interest as against the title vested in Cora B. Taylor to the land in question in the final decree in partition. — *Murray* v. *Yates*, 73 Mo. 13; *Forder* v. *Davis*, 38 Mo. 115; *Picot* v. *Page*, 26 Mo. 421; *Venable* v. *Beauchamp*, 3 Dana, 324; *Van Horn* v. *Forda*, 5 Johns. Ch. 407; *Gossam* v. *Donaldson*, 18 B. Mon. 230; Freeman on Partition, pp. 531, 533; *Cable* v. *Clapp*, 1 Jones Eq. 73; Rev. Stats. Mo., sects. 3341, 3342, 3352, 3367; *Tapley* v. *McPike*, 50 Mo. 592. The deed of trust was an outstanding title which was a defence to plaintiff's cause of action. — *Norcum* v. *D' Oench*, 17 Mo. 98; *Howard* v. *Thornton*, 50 Mo. 291. "If there be gross inadequacy of price paid for property, the proceedings must be strictly regular."— *Nelson* v. *Brown*, 23 Mo. 13. A judgment for costs is not a lien upon the property of the judgment debtor. — *Chapin* v. *Broder*, 16 Cal. 403; *Lean* v. *Patten*, 10 W. Va. 201; *Hamberger* v. *Easter*, 57 Ga. 71; *Vassler* v. *Hickernell*, 82 Pa. 153; *Lirette* v. *Carr*, 27 La. Ann. 299; Freeman on Judgment (3d ed.), sect. 340.

HENRY HITCHCOCK, with T. J. ROWE, for the respondent: A judgment for costs creates a lien. — *McKnight* v. *Spain*, 13 Mo. 538; *McIlrath* v. *Hollander*, 73 Mo. 114. A sheriff's deed, regular in form, is *prima facie* evidence of the judgment, execution, levy, advertisement, sale, and all other facts recited therein. — Rev. Stats. Mo. 1879, sect. 2392; *Huxley* v. *Harrold*, 62 Mo. 520; *Ellis* v. *Jones*, 51 Mo. 187; *McCormack* v. *Fitzmorris*, 39 Mo. 24, 31, 33; *Merchants' Bank* v. *Harrison*, *Ib.* 444. Such a deed can not be collaterally attacked. — *Davis* v. *Kline*, 76 Mo. 310; *Lenox* v. *Clarke*, 52 Mo. 117; *Hewitt* v. *Weatherby*, 57 Mo. 279; *Ladd* v. *Shippie*, 57 Mo. 530; *Brawley* v. *Ranney*, 67 Mo. 283. "Unless the question of title now raised was distinctly put in issue or necessarily decided, in the former suit, the judgment can not operate as an estoppel or bar to the present action."— *Colton* v. *Smith*, 11 Pick. 311; *Maloney* v. *Horan*, 40 N. Y. 111; *Smith* v. *Sherwood*, 4

Conn. 276; *Outram* v. *Morewood*, 3 East, 346. Except as to those who in fact claim the land under and by virtue of the mortgage, it is merely a security for a debt, and not an outstanding title. — *Woods* v. *Hilderbrand*, 46 Mo. 287; *Johnson* v. *Houston*, 47 Mo. 231; *Hardwick* v. *Jones*, 65 Mo. 60.

BAKEWELL, J., delivered the opinion of the court.

This was ejectment for a lot in St. Louis, in block 189, fronting twenty-two feet on Walnut Street, by eighty feet deep.

The answer admitted the possession of defendant Graham as tenant of defendant Taylor, and, after a plea of not guilty, set up as matter of special defence, that, in August, 1870; one Zelle brought an action of partition, in the circuit court against plaintiff, defendant Taylor and her husband, and Philip, Charles H. and Irene Bobb, to make partition of lands of which the lot in controversy was a part; that all the parties to that action appeared; and, that, by final decree in that action, on June 22, 1882, the lot in question here was assigned to defendant Taylor; that all interest of plaintiff in the lands in controversy in this action was acquired before the date of the final decree in partition; and that he is estopped by that suit to set up title against defendants to the lot in question. There was a reply denying the new matter. There was a verdict and judgment for plaintiff for possession, $105 damages and $25 for monthly rents and profits.

On the trial the rental value of the property was admitted. The testimony was altogether documentary.

The common source of title is Charles Bobb, who conveyed all his interest in the land to defendant Cora. Plaintiff claims that he has acquired the life estate of Charles Bobb by virtue of a sheriff's deed and sale under execution issued under a judgment which was a lien upon the life estate of Charles Bobb at the time he conveyed to Cora,.

the sale at which plaintiff purchased having been made before the expiration of the three years during which the lien was in force.

It is contended by defendant, on the other hand, that there was no judgment of a character to give a lien upon real estate ; that the execution was irregular; and the sheriff's deed void ; that the sale to plaintiff was made during the pendency of proceedings in partition, under circumstances that estop him from setting up title against defendant, his co-partitioner ; and that defendant is entitled to set up outstanding title through a certain mortgage to which she is privy.

This general statement now, may serve to a better understanding of the effect of the documentary evidence, which is as follows : —

On April 18, 1883, Charles Bobb and wife conveyed lands, including the lot in question, to Letcher in fee.

On January 23, 1845, Letcher conveyed the greater portion of the lands thus acquired, including the lot in controversy, to Charles Bobb, in trust for his wife Mary and their children, Charles L., John H., the plaintiff here, and Lucy Bobb.

Afterwards, John H. Bobb began proceedings in the circuit court to enforce against Charles Bobb the trusts created by the last named deed.   Defendant Cora was a party to this action.   A decree was rendered in this proceeding, on June 15, 1878, by which the legal title to all the lands conveyed by Letcher to Charles Bobb (except as to a portion in which he was decreed to have a life estate as tenant by the curtesy of his wife's interest), was divested out of Charles Bobb, and vested as follows : Five-twentieths in John H. Bobb in fee ; five-twentieths in John H. Bobb, as assignee of his sister Lucy ; five-fortieths in Philip M. Bobb in fee ; five-fortieths in Charles H. Bobb in fee ; the remaining five-twentieths in Charles Bobb for life ; remainder in fee as follows : one-fifth to John H. Bobb ; one-fifth to John

Bobb, as assignee of Lucy; one-fifth to George L. Bobb; one-fifth to Cora B. Taylor; one-fifth to Philip M. and Charles M. Bobb. The final decree in this proceeding in equity, which is No. 13,809 on the docket of the circuit court, was rendered on June 15, 1878.

On April 25, 1878, during the pendency of the last named suit, Charles Bobb conveyed to Cora B. Taylor all the land described in the decree in the proceeding in equity, No. 13,809.

The next documents in evidence were the proceedings in partition in the suit of *Zelle* v. *Bobb*, set up as matter of defence in the answer. The lands brought into partition in this suit are those which were the subject of suit in equity, 13,809, and which are embraced in the final decree in that case; the defendants to the action were Cora B. Taylor and husband and John H., Philip M., Charles H. and Irene Bobb, who were tenants in common with plaintiff. The petition amongst other things alleged that Cora B. Taylor owned one-twentieth of these lands in fee and three-twentieths during the life of Charles Bobb. The answer of John H. Bobb denied any interest in Zelle, and denied that Cora B. Taylor owned more than one-twentieth, subject to the life estate of Charles Bobb. Cora B. Taylor pleaded the pendency of suit No. 13,809, and asked a dismissal of the proceedings, to which Zelle replied a final judgment in full force in suit 13,809. The other defendants filed answers. On April 20, 1881, there was an interlocutory decree in this partition suit, by which the interests of the parties were adjudged to be as follows: Zelle, one-twentieth in fee; Cora B. Taylor, one-twentieth in fee, and three-twentieths during the life of Charles Bobb; John H. Bobb, twelve-twentieths in fee, and two-twentieths in remainder, subject to the life estate of Cora; Charles H. and Philip M. Bobb, one-fortieth each, subject to Cora's life estate. The other defendants were found to have no interest in the land. Commissioners

were then appointed, who reported on April 3, 1882, and, *inter alia,* allotted to Cora B. Taylor, in full of her one-twentieth in fee, the lot in block 189 in controversy here, and in full of her three-twentieths during Charles Bobb's life, an adjoining lot. This report was confirmed, and final decree entered on June 22, 1882.

The case, No. 44,920, in the circuit court, of *Lewis, Admr. of Charles L. Bobb, et al.* v. *Charles Bobb et al.,* is the proceeding in which the decree was rendered, which plaintiff claims to have been a lien upon the life estate of Charles Bobb in the property in question here. It was under the execution for costs in that case, that plaintiff acquired whatever title he asserts in this proceeding to the lot in controversy. His claim is, that the lien of the judgment for costs in that case, rendered April 22, 1878, attached to the property conveyed by Charles Bobb to Cora on April 25, 1878, and that the conveyance to Cora was made subject to the lien of the judgment under which plaintiff acquired.

The decree in No. 44,920, *Lewis* v. *Bobb,* adjudged that certain notes made by Charles L. Bobb for $3,200 secured by mortgage, were held by Charles Bobb, the defendant, only as collaterals ; and that, upon payment by the administrator, plaintiff, of a certain note for $800, defendant Charles should deliver up the collaterals for cancellation; and that defendant Charles Bobb pay the costs.

On this decree an execution for costs was issued to the June term, 1881. This execution is regular in all respects, except that, in the date of the judgment, the word " nine " is changed to " eight," by interlineation. As originally written, the judgment was erroneously described as dated " eighteen hundred and seventy-nine " which should have been 1878. The items of costs are set out, and amount to $117.15 ; the levy is upon all the interest of Charles Bobb in the lot in controversy and other property which appears to be all the real estate described in

the final decree in suit No. 13,809. The return shows a sale to John H. Bobb for $25 in cash. All the usual recitals are made.

On May 19, 1881, five days after the sale, the clerk was allowed, on his own motion, to amend the execution by making the correction as to the date of the year.

There had been a motion to retax costs in *Lewis* v. *Bobb*, which was sustained at the February term, 1879, as to one item for notary's fees, and overruled as to the rest.

The sheriff's deed to John H. Bobb is regular in form. It recites the judgment for costs in *Lewis* v. *Bobb*, the execution, of which a copy is annexed, the levy on all Charles Bobb's interests, etc. The lands are described in the deed, and in the advertisement annexed, which shows twenty days' notice of sale ; the deed recites the sale to John H. Bobb on May 14, 1881, each lot being separately sold ; the total price, $25, and the conveyance to John H. Bobb of all the interest of Charles Bobb in the property described in the levy, advertisement, and deed, including the lot in controversy here.

The objections interposed by the defendant to the introduction of this deed, were as follows : —

1. It was objected that the costs were not finally ascertained until after the motion to retax had been acted upon, and that the costs for which the sale was made were mainly created after the decree, and that the decree in *Lewis* v. *Bobb*, being a judgment for costs only, does not create a lien.

There may be a judgment for costs which is not a lien. Many such cases are to be found in the reports. *Boggess* v. *Cox*, 48 Mo. 278 ; *Evans* v. *Russell*, 61 Mo. 37. But this is not because there can be no lien for costs, but because the judgment was not a final judgment. Where a nonsuit is taken, in order to justify an appeal, the judgment should be formally set out, that it is " considered by the court that plaintiff take nothing by his suit, and that de-

fendant go hence without a day, and recover of the plaintiff his costs," etc.   From a judgment dismissing the suit and merely for costs, there could be no appeal.   And such a judgment, not being of the nature of a final judgment, would of course give no lien; but this is not because the judgment is for costs, but because it is merely for costs, does not dismiss defendant without a day, or state that plaintiff shall take nothing by his action, nor, in any way, or by any terms, dispose, or even profess to dispose, of the subject-matter of the litigation.   Courts may have differed widely as to what was, and what was not, so informal an entry as to constitute no final judgment, and certainly the judgment in *Rogers* v. *Gosnell* (51 Mo. 468), is not formal, though it was held to be a final judgment.   Where there is a final judgment upon the merits of the controversy, it would seem to be a lien by the terms of the statute, that, "judgments and decrees rendered by any court of record shall be a lien."   Rev. Stats., sect. 2730.   And we know of no authority for the position that a final judgment is not a lien where the money part of the judgment is for costs only.   In other jurisdictions, and under different statutory provisions, decisions may be found to the effect that a decree that is not for money is not a lien; as in Illinois, where the statute regulating the practice in chancery proceedings is to the effect that only a decree for money shall be a lien.   *Eames* v. *German T. V.*, 74 Ill. 54.   But the language of our own statute admits of no construction such as would be put upon it were we to admit the contention of appellant.   It not infrequently happens that a judgment for costs is the most important feature of a decree.   It is true that a decree for costs is not always certain in one sense. But in the sense of the rule that a judgment must be certain, the decree is certain as to the amount of the costs.   These are fixed by law and the sum is a mere matter of calculation.   *McKnight* v. *Spain*, 13 Mo. 534.   A judgment for $1 and costs would undoubtedly be a lien both for the $1 and

the costs which would be the only considerable part of the judgment, and this judgment is no more ·certain in the sense for which counsel for appellant contends than is the decree under consideration.

2. It is contended that the trial court improperly admitted the sheriff's deed to John H. Bobb under the execution in *Lewis* v. *Bobb*, because plaintiff is estopped by the final decree in the partition suit of *Zelle* v. *Bobb* from asserting any title against that final judgment, which is " binding and conclusive upon all parties to the proceeding and all other persons claiming under them." · Rev. Stats., sect. 3367.

The language of the statute just quoted means that the parties are bound by everything put in issue by the suit and involved in the judgment. As is said by the supreme court in *Forder* v. *Davis* (38 Mo. 116): "Parties whose rights and titles are put in issue, and must be ascertained and declared before partition can be made, are conclusively bound. But when the right or title claimed in a particular lot is not the identical subject-matter that was directly in issue on the pleadings between the same parties, the judgment will not be a bar against other persons claiming such right or title in the lot." John H. Bobb claimed nothing in the life estate of Charles Bobb at the time the partition suit was instituted, nor at the time of the decree determining the interests of the parties and the issues made by the pleadings in the case. He does not now set up any title adverse to the common title of which he and the other partitionors were mutual warrantors. It was not until three weeks after this interlocutory decree that John H. Bobb acquired any interest in the life estate of Charles Bobb, and that interest is based, not upon a denial of the findings in the interlocutory decree, but upon an assertion of them. Until after his purchase on May 14th, Bobb could assert no title adverse to Cora B. Taylor in the life estate, for he had, and claimed, none. No issue as to rights acquired by the parties after the interlocutory decree was raised or

determined in that suit after that decree.   *Watson* v. *Priest*, 9 Mo. App. 268.   Whether in the partition suit of *Zelle* v. *Bobb*, the court might have set aside its judgment, and allowed parties who had acquired new rights to intervene, is not the question.   If John H. Bobb had made such an application before final judgment, it does not appear how it would have strengthened his title ; nor is anything said or decided in *Murray* v. *Yates* (73 Mo. 13), or *Parkinson* v. *Caplinger* (65 Mo. 290), from which we can gather that it is the opinion of the supreme court that it would be error to refuse any application made after the appointment of commissioners in partition, to set up an interest under the common title acquired after the interlocutory decree.

3. The objection to the sheriff's deed founded upon the clerical error in the execution was properly overruled.   This error was corrected, on motion of the clerk, before the deed was made.   But, even had this not been done, it would not have affected the deed.   Mere irregularities in judicial sales can only be called in question in direct proceedings, and can not be inquired into collaterally in a proceeding in ejectment.   If the judgment, execution, levy and deed are valid, the purchaser has no concern with any mere irregularity where it does not involve a departure from legal requirements for a fraudulent purpose in which he has participated.   *Draper* v. *Bryson*, 17 Mo. 84 ; *Stewart* v. *Severance*, 43 Mo. 322 ; *Lenox* v. *Clarke*, 52 Mo. 115 ; *Davis* v. *Kline*, 76 Mo. 310.

4. The deed of trust from Charles Bobb to Letcher, trustee, seems to have been properly excluded.   It is not pretended that it has been foreclosed.   It is a mere security, and not an outstanding title.   *Woods* v. *Hilderbrand*, 46 Mo. 284 ; *Hardwick* v. *Jones*, 65 Mo. 60 ; *The State to use* v. *Mason*, *ante*, p. 141.

5. Evidence of the value of the lot in controversy was excluded.   We see no error in this.   The controversy is not as to the fee.   Plaintiff acquired by his sheriff's deed only the life estate of Charles Bobb ; the age of Charles

Bobb does not appear; but facts appear which show that he was of age in 1845. The value of the rents and profits was admitted. And gross inadequacy of price could not be shown for the purpose of discrediting the title of plaintiff as derived from the sheriff's sale.

The case seems to be one of hardship. The legal principles applicable to the facts in evidence are, however, clear and well settled. No legal reason is shown for reversing the judgment. The judgment is affirmed. All the judges concur.