# SILVER BOW COUNTY, APPELLANT, v. STRUMBAUGH, RESPONDENT.

CONSTITUTIONAL LAW — *Criminal costs.* — Section 463, third division, Compiled Statutes, creating a lien upon the real estate and mining claims of any person for the payment of any judgment for fine or costs, which may be imposed upon him for a criminal offense, such lien to take effect from the time of his arrest, is not unconstitutional, and does not encumber his property without due process of law.

JUDGMENT — *Foreclosure of lien.* — Where the defendant in such case conveys the property after arrest and before the judgment is docketed, the proper remedy for the enforcement of the judgment is an action against the defendant and grantee to foreclose the lien.

*Appeal from Second Judicial District, Silver Bow County.*

DE WOLFE, J., sustained the demurrer to the complaint.

*William H. De Witt,* for Appellant.

*Robinson & Stapleton,* for Respondent.

BLAKE, C. J. — The appellant, as the board of county commissioners of the county of Silver Bow, commenced this suit to recover the costs of a criminal action, and obtain a decree for the sale of certain real estate. The court below sustained a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the failure of the county attorney to amend his pleading, entered a judgment for the respondent. The following allegations of this complaint must be deemed facts upon the hearing of this appeal: Charles Clayton was arrested August 10, 1887, in Silver Bow County, by the sheriff, upon the charge of the murder of Zedoc C. Maddux. The grand jury of said county, at a term of the District Court, returned October 6, 1887, a bill of indictment charging said Clayton with the crime of murder in the first degree for the killing of said Maddux. At a regular term of said court, the jury in the case of the Territory of Montana against said Clayton returned May 23, 1888, a verdict of guilty of murder in the second degree. Said court sentenced said Clayton, June 15, 1888, to imprisonment in the territorial prison for the term of fifteen years, and ordered that a civil judgment be entered against him for the costs of the prosecution of said cause, amounting to the sum of $1,581.65. Said judgment was then entered, and has not been satisfied, and there was due to the appellant thereon at the commencement of this action the sum of $1,617.14. On August 10, 1887, when said Clayton was arrested, as hereinbefore set forth, he was the owner of certain real estate in said county of Silver Bow, consisting of land containing about eighty acres, and a water right. William H. Strumbaugh, the respondent, purchased of said Clayton, Novem-

ber 5, 1887, said real estate, and received a deed therefor, which is recorded in the records of said county. It is alleged in the complaint that by virtue of "the arrest, indictment, trial, conviction, and sentence of, and the judgment for costs against, the said defendant, Charles A. Clayton, a lien was created and now exists in favor of the plaintiff for said sum of $1,617.14 against the said real estate and water right above described; that the plaintiffs are now the lawful owners of said judgment and claim aforesaid and of said lien." . The statute of the Territory on which this action is founded is as follows: "In all cases when a person shall be arrested for any criminal offense, his real estate and mining claims shall be liable for the payment of any judgment imposing any fine or costs upon such person, and such judgment shall be a lien on such real estate or mining claims from the time of such arrest." (Comp. Stats. div. 3, § 463.)

The chief question for our decision involves the power of the legislative assembly to enact this law. The respondent insists that the statute is unconstitutional; that the mere arrest, with or without process of law, subjects the real property of the accused to a lien dating from such arrest, and thereby encumbers such property without any hearing, adjudication, or legal process. No authorities are referred to in the brief of the respondent to uphold this point, and only one case, that of *McKnight* v. *Spain,* 13 Mo. 534, has been called to our attention by the appellant. The statute of the State of Missouri, which is cited in the opinion of the court, is in these words: "The property, real and personal, of any person charged with a criminal offense shall be bound from the time of his arrest or finding the indictment against him (whichever shall first happen) for the payment of all fines and costs which he may be adjudged to pay." (Rev. Stats. 1845, p. 887, § 30.) It appears that Spain had in his possession, when arrested, a watch and a $100 bank-note; that he was convicted of the crime of grand larceny, and sentenced to pay the costs of the prosecution; and that he conveyed, by a bill of sale to his attorney, this property "shortly after his arrest" and before his conviction. The court held that the State had a lien on his property, which could not be divested by the assignment made to the attorney, and could retain it to pay said costs. We are unable to perceive any legal distinction in the

power of the legislature which has created this and other statutory liens to protect private and public parties. Mr. Jones, in his valuable treatise on Liens, says: "But modern legislation has in many instances gone beyond the liens previously recognized at law or in equity, and has created a great number of new liens; and the tendency of legislation in this country is to extend still further this remedy for the protection of all persons who labor or supply materials for others, and for the protection of the State and of municipal corporations in the enforcement of taxes and other claims." (Vol. 1, § 97.) The learned author cites as an illustration of the latter, and approves, the case of *McKnight* v. *Spain, supra.* (Vol. 1, § 100.) The Supreme Court of the United States, in *Provident Institution* v. *Jersey City,* 113 U. S. 506, held that the act of the State of New Jersey, making water rates upon lands in Jersey City a lien prior to any encumbrances, was not repugnant to the Constitution. Mr. Justice Bradley, after stating the facts, says: "When the complainant took its mortgages it knew what the law was. It knew that by the law, if the mortgaged lot should be supplied with Passaic water by the city authorities, the rent of that water as regulated and exacted by them would be a first lien on the lot. It chose to take its mortgages subject to this law, and it is idle to contend that a postponement of its lien to that of the water rents, whether after-accruing or not, is a deprivation of its property without due process of law." In the case at bar, three months after the arrest of Clayton, and one month after his indictment for the commission of the offense of murder, the respondent purchased the real estate of Clayton. It must be presumed that he had knowledge of the statute, *supra,* which affixed a lien to this property to secure the payment of the costs which might be recovered by the people against Clayton. His condition was the same as the vendee of real estate, which is subject to be taken by the government for the non-payment of taxes by the vendor. The arrest, indictment, trial, and conviction of Clayton, and the judgment assessing the costs, have been regular, and the appellant was entitled to the lien defined in the complaint. The complaint prays that the real property in controversy be sold to satisfy the judgment which was entered against Clayton. The contention of the respondent is that the

sole means of enforcing this demand is by execution.  But the statute requires the sheriff to satisfy the judgment out of the real property belonging to Clayton on the day when it was docketed, or at any time thereafter.  (Comp. Stats. div. 1, § 313.)  The title to the premises was vested in the respondent more than seven months prior to the docketing of the judgment, and the issuance and levy of the execution would not afford any relief to the appellants.  The Criminal Practice Act provides that nothing in the statute, *supra*, "shall be construed so as to prohibit the issuing of execution, and the enforcing the collection thereof out of any other property of the defendants than above enumerated."  (Comp. Stats. div. 3, § 464.)  This seems to contemplate that this process shall not be resorted to when it relates to the real estate that is subject to the lien.  In *Cairo R. R. Co.* v. *Fackney*, 78 Ill. 120, Mr. Justice Walker, in the opinion, said: "Liens are enforcible in equity unless the law has provided for another mode.  This is true of vendors' liens, equitable and other mortgages, and all statutory liens, so far as they now occur to us, except in all cases where the lien is in the nature of a pledge, and possession accompanies the lien."  We are satisfied that the appellants sought the rightful remedy in this action.  It is therefore ordered and adjudged that the judgment of the court below be reversed, and that the cause be remanded, with directions to overrule the demurrer, and proceed in conformity with this opinion.

LIDDELL, J., and BACH, J., concur.