## MATHEWSON V. FREDRICH *et al.*

Notwithstanding Rev. Code Civ. Proc. § 322, requiring the judgment docket to state the sum recovered or directed to be paid in figures, an entry adjudging that title to certain land be quieted, and that the plaintiffs in the action recover their costs from defendants, "taxed at $————," the entry is sufficient to constitute the costs a lien on their property, though there was no judgment for money other than costs; and hence a purchaser of land from one of the defendants with knowledge of the judgment and entry takes it subject to the lien for the amount of the costs subsequently inserted.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Hutchinson county; Hon. E. G. SMITH, Judge.

Action by Jefferson Mathewson against Adams Fredrich and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*N. J. Cramer*, for appellant.

*W. J. Hooper*, for respondents.

CORSON, P. J.   This action was instituted by the plaintiff to restrain the defendants from selling a certain quarter section of land in Hutchinson county under and by virtue of an execution issued upon a judgment in favor of the defendants herein against Christ Bollinger et al., as defendants.   Findings and judgment being in favor of the defendants, the plaintiff has appealed.

The only question for our consideration is:   Did the judgment rendered in the action wherein the present defendants were plaintiffs and Christ Bollinger et al. were defendants constitute a lien upon the property as against the present plaintiff?   The property sought to be subjected to sale under the execution was formerly the property of Christ Bollinger, with whom the plaintiff made a contract for its purchase in 1897.   The amount due on the contract was paid by the plaintiff in April, 1902, and a deed was executed by Bollinger to the plaintiff, and immediately placed upon record.   In July, 1901, and prior to the conveyance by Bollinger of the property to the plaintiff, an action had been commenced by the present defendants against Bollinger et al. to quiet the title to certain other lands in Hutchinson county, resulting in a judgment in favor of these defendants quieting their title, and a judgment was entered adjudging their title to be quieted, and that they recover their costs against said Bollinger et al., "taxed at $———." In May, 1902, something over a month after Bollinger had conveyed the quarter section of land he had contracted to sell to the plaintiff, the costs in the Bollinger action were taxed and inserted in the judgment, amounting to $151.25, for which execution was issued, and under which the defendants were proceeding to sell the quarter section of land in controversy.   The

circuit court held, in effect, in this action, that, notwithstanding the blank for costs was not filled in the judgment and in the docket entry of the judgment at the time Bollinger executed the deed to the property to the plaintiff, it was nevertheless a lien upon the property, and these defendants were authorized, under the said judgment against Bollinger, to sell the same to satisfy their said judgment for costs. It is contended by the appellant (1) that the clerk was not authorized to make a docket entry of the judgment until the amount of the costs was ascertained and entered in the same, there being no other money judgment; (2) that, there being no amount as costs appearing in the docket entry at the time Bollinger transferred the property, these defendants had no lien upon the property as against the plaintiff at the time Bollinger made the conveyance to him.

It is contended by the respondents in support of the judgment of the circuit court that the docket entry was sufficient to constitute a lien, for the reason that the amount of the costs is fixed by law, and hence, in contemplation of law, it was, in effect, inserted in the judgment, although not inserted as a matter of fact. We are inclined to take the view that the respondents are right in their contention. A party having actual or constructive notice of the judgment and the docket entry had, in legal contemplation, notice of the amount of these costs, and that amount was, in legal effect, a lien upon the property of the judgment debtor. It is very rarely the case that the blank for costs is filled in at the time of filing of the judgment roll and docketing the judgment. Section 319, Rev. Code Civ. Proc., provides for the making up of the judgment roll by the clerk and filing the same immediately after filing the judg-

ment, and section 321 provides: "On filing a judgment roll upon a judgment directing in whole or in part the payment of money, it may be docketed with the clerk of the court in which it was rendered, in a book to be known as the judgment dock- et." Section 322 provides what the docket shall contain. It is true by that section it is provided, among other things, "the sum recovered or directed to be paid, in figures," shall consti- tute a part of the docket entry; but, as before stated, the tax- ing of the costs and the entry thereof usually occurs subse- quently to the filing of the judgment and the docketing of the same, as the costs can only be taxed by the clerk upon notice of five days. No one would question, we apprehend, that a money judgment properly docketed would be a lien upon the property from the time it was docketed, not only for the amount of the judgment specified therein, but for the costs, though the amount of the costs might not have been definitely determined and inserted in the docket entry until some time after the judgment was docketed; and the fact disclosed in the case at bar that there was no judgment for money other than the costs would make no difference as to the attaching of the lien. In Stakke v. Chapman, 13 S. D. 269, 83 N. W. 261, this court held that a judgment debtor is not entitled to have the judgment against him satisfied on payment of the amount of the judgment, where the amount of the costs had not been in- serted therein, and before he could satisfy the judgment he must see that the costs were properly inserted therein. In considering an analogous case to the case at bar, the Court of Appeals of Missouri, in Bobb v. Graham, 15 Mo. App. 289, says: "It not infrequently happens that a judgment for costs is the most important feature of a decree. It is true that a

decree for costs is not always certain in one sense.    But in the sense of the rule that a judgment must be certain the decree is certain as to the amount of the costs.    These are fixed by law, and the sum is a mere matter of calculation.    McKnight v. Spain, 13 Mo. 534.    A judgment for $1 and the costs would undoubtedly be a lien both for the $1 and the costs, which would be the only considerable part of the judgment, and this judgment is no more certain in the sense for which counsel for appellant contends than is the decree under consideration." In the case at bar it was found by the court that the plaintiff had knowledge of the judgment, and he was bound to know that under the law the amount of costs could be taxed and inserted, and that the same was, in effect, a lien upon the property.  Having taken his deed, therefore, with full knowledge of the judgment and the docketing of the same, he was charged with the notice that the costs, whatever the amount might be, did constitute a lien upon the property, and, having purchased the property with the lien existing against it, the defendants were entitled to proceed to collect the same in the usual manner by the levy of an execution and sale of the same.    The court was clearly right, therefore, in dismissing the action.

The judgment of the circuit court is affirmed.